STATE *v.* TOWN OF NEWFANE.

</div>

If one of the grand jurors, who present a bill of indictment against a town for not making and opening a road, is, at the time, a rateable inhabitant of such town, it is no cause why such indictment should be quashed.

In an indictment against a town for not making and opening a road, laid by a committee appointed by the court, it is sufficient if it describe it as leading from one *terminus*, in various directions through the town, to another *terminus*, without giving the survey by the courses and distances.

The acceptance of the report of the committee laying the road is, *ipso facto*, an establishment of the road.

THIS was an indictment for not making and opening a road.

The indictment charged, " that, at a county court begun " and holden at Newfane, within and for the county of

"Windham, on the second Tuesday of April in the year <span>WINDHAM,<br>*February,*<br>1840.</span>
"one thousand eight hundred and thirty six, the report of a
"committee theretofore appointed by said court to lay out
"a road, or highway, from the county road passing through
"Williamsville in Newfane, near where said road is inter-
"sected by Baker's brook, thence to the mouth of pond
"brook, thence up pond brook to the mouth of Kimball's
"brook, and thence to the old road, thence to the county
"road in Wardsboro, was returned to and accepted by said
"court, in and by which report said committee laid out and
"established a public road or highway from the centre of
"the county road, passing through Williamsville, five rods
"easterly from the centre of the east abutment of the
"bridge across Baker's brook, on a course east thirty degrees
"north; thence in various directions through the town of
"Newfane, in said county of Windham, to the centre of
"the county road, leading from Fayetteville to Wardsboro';
"and it was then and there ordered by said court that said
"road, as laid out by said committee, be made and com-
"pleted within one year from the twenty first day of April,
"in the year one thousand eight hundred and thirty·six;
"that the said town of Newfane, not regarding its duty in
"this behalf, although one year from the twenty first day of
"April in the year one thousand eight hundred and thirty
"six, has long since elapsed and although said town of New-
"fane were bound, by law, to make and open so much of
"said road as lies in said town of Newfane, within one
"year from said twenty first day of April, in the year one
"thousand eight hundred and thirty six; yet, said town of
"Newfane have wilfully refused and neglected to make
"or open so much of said road as lies in said town of New-
"fane," &c.

The margin note: State *v.* Town of Newfane.

The respondents pleaded, "that the indictment ought to
be avoided and held for nought," because the bill of indict-
ment was found and presented by a grand jury whereof Na-
hum Houghton was a juror and joined with said grand jury
in presenting the indictment; averring that the said Nahum,
at the time of such finding and presentment, was interested
in the subject matter of the indictment, in this;—that he
was a rateable inhabitant of said town of Newfane and
chargeable with the expenses and burthens thereof.

WINDHAM,
February,
1840.

State
v.
Town of
Newfane.

To this plea there was a demurrer and joinder.

The county court decided that the plea was insufficient and that the respondents answer over.

The cause was then tried, upon the plea of not guilty, and the jury returned a verdict against the respondents. The respondents then moved that judgment be arrested for the insufficiency of the indictment. The county court overruled the motion and rendered a judgment upon the verdict, and the respondents excepted to the decisions and judgment of the county court.

*Wm, C. Bradley*, for respondents, contended, that the indictment was insufficient, and cited, *State* v. *Brookfield*, 2 Vt. R. 548, *Rex* v. *Robinson*, 2 Burr. 799, *Rex* v. *Balme*, Cowper, 648, *Rex* v. *Mytton*, 4 Doug. 333, *State* v. *Whitingham*, 7 Vt. R. 390. Archb. Cr. Prac. 376. (Am. Ed. 259.) 3 Bac. Ab. Wilson's Ed. 554, Indictment G. 1, and cases cited, Ib. (H. 5.) 571, Comyn's Dig. Indictment, (A.) 503, H. P. C. 202, 2 Rol. 82.

II. The facts, stated in the respondent's plea in avoidance, were sufficient. H. P. C. 202. *People* v. *Jewett*, 6 Wend. 389.

*A. S. Campbell*, States Attorney, for prosecution, in support of the indictment, cited, statute, 443, *State* v. *Brookfield*, 2 Vt. R. 553, 1 Chitt. C. L. 196, Leach's Cases, 239, and also insisted that the fact that one of the grand jurors, who presented the indictment, was a rateable inhabitant of the town of Newfane, did not disqualify him from acting with the other jurors in finding the bill. 8 Mass. R. 286.

The opinion of the court was delivered by

BENNETT, J.—The defendants, in this case, claim that the court below should have dismissed this indictment upon the ground that one of the grand jurors, who made this presentment, was a rateable inhabitant of Newfane ; and therefore, interested in the subject matter of it. It is a sufficient answer to this objection, to say, that it is not competent for the defendants to make it. The juror was interested in shielding the town from indictment, and if his interest operated upon the mind of this juror, it is to be presumed that its operation was altogether favorable to the town. This objection, then,

WINDHAM,
February,
1840.

State
v.
Town of
Newfane.

comes with an ill grace from the town, and cannot be entertained. It was properly overruled in the court below.

It is also insisted that the indictment itself is insufficient, and the important objection arises from its uncertainty in its description of the road. The indictment alleges that the committee laid out and established the road "from the centre of the county road passing through Williamsville, five rods eastwardly from the centre of the east abutment of the bridge across Baker's brook, on a course east 30 degs. north; thence, in various directions through the town of Newfane, in the county of Windham to the centre of the county road leading from Fayetteville to Wardsboro." This indictment, to say the least of it, is very loose and uncertain; and though it rests upon a statute, which describes the offence, yet the statute is silent as to the form of the indictment. The statute, which relaxes the precision required at the common law in indictments for not repairing highways, is not applicable to the case. It would seem reasonable that the indictment should at least contain so much certainty in the description of the road, as would enable the court to issue, from the indictment itself, a commission to the agent, who might be appointed to expend the fine, specifying so particularly the location of the road upon which the fine was to be expended, that the agent might know where to work it. If this were a new question we might be led to hesitate; but the case of the *State* v. *Brookfield*, 2 Vt. R. 548, is like the present. In that case the road is stated to begin "about 1 1-2 rods northwardly from Simon Cotton's house, thence running northwardly *through the gulf* to the road leading from Seabury's mills to Thomas Kingsbury's house, in Brookfield." In that case there was as great uncertainty as in this. It did not appear where Seabury's mills were situated, or at what point one road intersected the other, and we have no other course given, except *through the gulf*. This indictment, however, was held sufficient. We have a certain *terminus* where this road begins; and the other *terminus* is not more uncertain than in the case of the *State* v. *Brookfield*. It is, at its intersection "with the centre of the county road leading from Fayetteville to Wardsboro'."

It is said, in argument, that, as Fayetteville was not the

WINDHAM,
February,
1840.

State
v.
Town of
Newfane.

name of a town, we cannot take judicial notice of it, and there is no averment, in the innictment of the place where it is situate. The road, however, is described as running through the town of Newfane, until it strikes the road leading from Fayettevile to Wadsboro'; and hence, it may be fairly concluded to be some place within the limits of Newfane, and, also, the place of its intersection with that road.

In the case against the town of Brookfield, the *terminus* is the road " leading from Seabury's mills to Thomas Kingsbury's house, in Brookfiled." We are not told in the indictment, where these mills are ; and I cannot conceive it necessary. When a known and an established point is given as a *terminns* of a road, and its precise location becomes important, it may be ascertained, by aids extraneous to the indictment. It is said that it is not alleged in the indictment, that the county court established this road, but it is averred that the county court accepted the report of the committee. This acceptance is,*ipso facto*,an establishment of the road and is all the establishment which the law requires.

This case is not to be distinguished from the case in the 2 Vt. R., and upon the authority of that we are led to the conclusion that there is no error in the proceedings of the county court. That court,having assessed the fine and appointed an agent to expend the same in making the road, must be left to see its sentence carried into execution.