## ALEXANDER vs. THE STATE.

1. An indictment against the overseer of a road, which describes it as "a public road of the second grade, beginning at and leading from the twenty-third mile post to the county line," is sufficiently certain.

2. Any description in an order of the commissioners' court, appointing an overseer, by which the road can be ascertained, is sufficient; and such order is not void, or inadmissible in evidence, because it designates the road by a name different from that by which it is known in the neighborhood.

Error to the Circuit Court of Benton. Tried before the Hon. Thos. A. Walker.

J. B. MARTIN, for plaintiff in error:

1. The demurrer should have been sustained to both of the counts in the indictment for their uncertainty in the description of the road, for not keeping which in repair, &c. he was indicted. Such certainty should be observed in the description of offences as, 1st. To secure the defendant against the *possibility* of being put upon his trial for a different offence: 2d. That a conviction or acquittal will secure the defendant against a second prosecution for the same offence: 3d. That the defendant may know the *specific* offence with which he is charged (in this case, the *particular* road which he as overseer is charged with having failed to keep in repair, &c.) that he may come prepared for his defence: 4th. To enable the court when the defendant is *convicted*, to determine whether the facts *charged* are sufficient to support the conviction.—Wharton's Crim. Law, 196; 1 Chittty's Criminal Law, 196; 1 Richardson, 179.

2. The second charge asked should have been given. We cannot shut our eyes to the fact that there must have been many roads in the same county, identical in the general and uncertain description in the indictment of the road in question, and especially when it is in proof that the road upon which defendant was alleged to be the overseer never was known by the name or description given it in the indictment. The charge was *correct and should have been given.*—See Beene v. Phillips, at the present term, and authorities there cited.

ATTORNEY GENERAL:

1. The charge asked by the plaintiff in error, required the court below to assume the functions of the jury and say that certain facts " *did not prove*" certain things, which was properly refused.

2. The court committed no error in overruling the demurrer to the indictment. The only question raised was as to the description of the road. It was sufficient in the indictment to follow the name by which it was designated by the commissioners' court, which was " *a road commencing at the twenty-third mile post and leading to the county line,*" which will appear by the order of the commissioners' court appointing the plaintiff in error the overseer, and the notice served on him

by the sheriff and witness Wheeler, that he worked that road. This added to the fact that the road was out of order for more than ten days at one time was sufficient.

3. The fact that this road was known by the name of the Jacksonville road in the neighborhood where it lay will not alter the case. A road, like a person, may have two names, and an indictment by either will be good.

PARSONS, J.—The plaintiff in error was indicted " as overseer of a public road of the second grade, beginning at and leading from the twenty-third mile post to the county line," within the county of Benton. The indictment has two counts describing the road substantially in the same language; and there was a general demurrer to each of the counts, which was overruled. It is now contended for the plaintiff in error that this description is defective and uncertain, and that the demurrers should have been sustained. It is true, that there may have been different roads of the same grade, leading from the twenty-third mile post to the county line; but it is alleged in the indictment that the plaintiff in error was the overseer of the piece of road now in question. As the burthen of proof lay upon the State, it is clear that the solicitor had not the power to shift his charge at the time of trial to any other piece of road which might admit of the like description, because it would be necessary to connect the overseer with it by proof. The offence is of the lowest grade, and the utmost certainty is not required.

There were several exceptions to the ruling of the court below, as appears by the bill of exceptions, the second of which is now insisted on as error. This supposed error was in admitting as evidence the order of the commissioners' court of roads and revenue, by which the plaintiff in error was appointed " overseer of the road from the twenty-third mile post to the county line, second grade." This is insisted on the more as error, because it was proved that this piece of road was not known in the neighborhood by that name or designation, but that the same was known as the road from Jacksonville to Cedar Town, Georgia. The description of the road in the order is not void, because it does not conform to the neighborhood name or designation, nor is the indictment variant

from the order. Any description in the order by which it could be ascertained was sufficient. We have examined the whole record and can discover no error.

Let the judgment be affirmed.