# CASES ARGUED AND DETERMINED

—IN THE—

# SUPREME COURT

—OF THE—

# STATE OF ARKANSAS

—AT THE—

## NOVEMBER TERM, 1886.

---

## STATE v. WITHROW.

1. INDICTMENT: *For obstructing public road; Certainty.*
   As a road district may contain several different roads, an indictment for obstructing a public road in a given district must designate the particular road obstructed.

2. CRIMINAL PRACTICE: *Appeals to supreme court.*
   This court can be more profitably employed than in settling immaterial differences of opinion between prosecuting attorneys and circuit judges; and when an indictment is quashed on demurrer, and its defects, real or supposed, can be easily amended by re-submission of the matter to the grand jury, it should be done, instead of appealing the judgment on the demurrer to this court.

APPEAL from *Madison* Circuit Court.

Hon. J. M. PITTMAN, Judge.

*Dan W. Jones*, Attorney-General, for Appellant.

The appellee was indicted for obstructing a public highway. A demurrer to the indictment was sustained. The indictment was drawn with sufficient particularity and charges an offense against the statute. *Sec. 1865, Mansf. Dig.* It was unnecessary to define the termini of the way. *2 Arch. 1763, 8 Am. ed.; 2 Bish. Crim. Pro., sec. 1051.* The designation of the place by the number of the road district is more specific than the second count of *State v. Lemay, 13 Ark., 407.* The case of *Matthews v. State, 25 O. St., 539–40,* upholds an indictment very similar to this one.

The demurrer should have been overruled.


COCKRILL, C. J. The indictment alleges that "the said James Withrow, in the county of Madison, in the state of Arkansas, on the 10th day of March, 1885, unlawfully did obstruct a public road in district No. 21, the same then and there being a public highway," etc. ·

The court sustained a demurrer to the indictment and the state appealed.

1. INDICTMENT: For instructing public road— Certainty. The description of the road given in the indictment is not certain. It is made the duty of the county courts to divide their several counties into road districts. *Mansf. Dig., sec. 5890.* This is commonly done by designating a single highway as road district of a given number. But the county court may, if it sees fit, embrace the whole or a part of several highways in a single district and put them all under the supervision of one overseer. *Dig., 5894.* When, therefore, there is no other designation than "a road in a given district," it may mean any one of several roads. It is not, therefore, certain from the indictment what road is meant. Any general designation or special description, by which the road can be definitely ascertained, will be sufficient; but that a designation which leaves it uncertain which of many or several roads in the county is in-

tended is not definite enough to sustain the charge, is seen by an inspection of the first count in the indictment in Lemay's case in *13 Ark.. 405*. See *State v. Town, etc., 12 Vt., 422; Alexander v. State, 16 Ala., 661.*

There is no public end to be subserved in the prosecution of an appeal by the state in any criminal case unless it is important to the correct and uniform administration of the criminal law that this court should settle the question involved in the case (*Mansf. Dig., sec. 2452*); or unless the correction of the error complained of will prevent a particular individual deemed guilty by the prosecuting officers from escaping from the meshes of the law. This appeal does not come within either category. It was an easy matter to give a certain description of the highway in this case, and when the demurrer was sustained and the indictment quashed, the matter should have been re-submitted to the grand jury instead of encumbering the records of this court with it. Our time may be more profitably employed than by settling immaterial differences of opinion between prosecuting attorneys and circuit judges.

Affirm.

