STATE v. SMITH.

Opinion delivered March 28, 1910.

APPEAL AND ERROR—APPEALS BY STATE IN CRIMINAL CASES.—An appeal by the State in criminal cases where there can be no reversal should not be taken by the Attorney General, under Kirby's Digest, § 2603, unless an opinion of the Supreme Court in such case would serve to secure the correct and uniform administration of the law.

Appeal from Scott Circuit Court; *Daniel Hon*, Judge; affirmed.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellant.

FRAUENTHAL, J.  The defendant was indicted by the grand jury of Scott County charged with the crime of libel. He demurred to the indictment on a number of grounds, one of which was that the indictment did not state facts sufficient to constitute the crime of libel; but the lower court overruled the demurrer. He then entered a plea of not guilty to the indictment, and was placed upon trial before a petit jury. A number of witnesses testified in the case, and after both the State and defendant had rested the court directed the jury to return a verdict of not guilty, which was done; and a judgment was entered discharging the defendant. The State, by its prosecuting attorney, then prayed an appeal to this court. By section · 2604 of Kirby's Digest it is provided that "a judgment in favor of the defendant which operates as a bar to a future prosecution of the offense shall not be reversed by the Supreme Court." The crime of libel may be punished by imprisonment (Kirby's Digest, § 1851), and therefore a judgment in favor of the defendant upon a trial upon that charge operates as a bar to a future prosecution (art. 2, § 8, Const. 1874), and cannot be ·reversed by this court. But this appeal has only been taken by the law officers of the State in order to obtain a decision of the Supreme Court upon questions they consider important to the correct and uniform administration of the criminal law. This appeal is taken in pursuance of sections 2602 and 2603 of Kirby's Digest, and the provisions thereof have been duly complied with. Section 2603 provides that "if the Attorney General, on inspecting the record, is satisfied that error has been committed to the prejudice of the State, and upon which it is important to the correct and uniform administration of the criminal law that the Supreme Court should decide, he may, by·lodging the transcript in the clerk's office of the Supreme Court within sixty days after the decision, take the appeal."

The object and purpose of this provision of the statute is to obtain the decision of this court upon questions of the criminal law, so that it may serve ·to secure the correct and uniform administration thereof. But, if the decision of the question presented by the appeal would not serve such purpose, then it

would not be of sufficient importance under this provision of the law to render an opinion thereon, and the appeal should not in such case be entertained. In the case at bar the legal question as to the sufficiency of the indictment was by the lower court decided in favor of the State, from which ruling therefore no appeal has been taken to this court. The appeal is only taken from the ruling of the court that all the evidence introduced upon the trial was not sufficient to convict the defendant of the crime charged. The ruling was therefore rather upon the sufficiency of the testimony than upon a question of law.

It is hardly probable that the testimony that is adduced in any two given cases will be so much alike that a decision upon the facts in one case would serve as an authority in the other. The testimony in cases containing similar charges is usually so different, and the inferences that may be drawn from the facts narrated are so varying, and the circumstances of each case are so peculiar to itself, that we do not think that an opinion given by this court upon the evidence adduced in the trial of a charge would serve any useful purpose as an authority in a case founded only on a similar charge. We do not think, therefore, that it is important to the correct and uniform administration of the criminal law that the evidence adduced in this case should be set out in detail, together with the inferences that might legally be drawn therefrom, and our opinion given thereon as to whether or not it was sufficient to warrant a conviction of the crime charged against the defendant.

The application, therefore, made by this appeal for the decision of the court upon the question presented is denied.