STATE *v.* MASSEY.

Crim. 4036.

Opinion delivered July 5, 1937.

*Jack Holt,* Attorney General, *John P. Streepey,* Assistant, for appellant.

BUTLER, J. The appellee was indicted on two counts for burglary and grand larceny. The state relied for conviction upon the testimony of two accomplices who were present and participating in the crime. At the conclusion of the testimony it was the opinion of the trial judge that there was not sufficient corroborating testimony to meet the requirement of § 3181 of Crawford & Moses' Digest, and directed the jury to return a verdict of not guilty, which was done, and a judgment entered discharging the appellee. From this judgment the state has appealed under §§ 3410-11 of Crawford & Moses' Digest. The purpose of this statute is to present questions for this court's decision on the criminal law so that it may serve to secure the correct and uniform administration thereof.

In this case the error complained of did not relate so much to a question of law as one of fact, or a mixed question of law and fact. It does not appear to be of sufficient importance under the provisions of the statute as to require an opinion upon the correctness of the conclusion reached by the trial judge.

As is said in the case of *State* v. *Smith,* 94 Ark. 368, 126 S. W. 1057, "It is hardly probable that the testimony that is adduced in any two given cases will be so much alike that a decision upon the facts in one case would serve as an authority in the other. The testimony in cases containing similar charges is usually so different, and the inferences that may be drawn from the facts narrated are so varying, and the circumstances of each case are so peculiar to itself, that we do not think that an opin-

ion given by this court upon the evidence adduced in the trial of a charge would serve any useful purpose as an authority in a case founded only on a similar charge. We do not think, therefore, that it is important to the correct and uniform administration of the criminal law that the evidence adduced in this case should be set out in detail, together with the inferences that might legally be drawn therefrom, and our opinion given thereon as to whether or not it was sufficient to warrant a conviction of the crime charged against the defendant.''

Again, in the case of *State* v. *Spear and Boyce,* 123 Ark. 449, 185 S. W. 788, the court said: ''It is clear that appeals in felony cases are not allowed by the state except in cases where it is important to have the court correct errors which prevent the 'uniform administration of the criminal law.' Appeals are not allowed merely to demonstrate the fact that the trial court has erred. The question of the legal sufficiency of the evidence in a given case constitutes a question of law for the decision of the court, but it cannot become a precedent for application in another case because of the varying state of facts in different cases, and, therefore, the decision of that question, even though it be one of law, is not important in the 'uniform administration of the criminal law.' ''

The authorities, *supra,* are controlling of the case at bar and, therefore, the question presented by this appeal is denied, and the judgment of the trial court is affirmed.