STATE *v.* DIXON.

4388                                      189 S. W. 2d 787

Opinion delivered October 22, 1945.

156

*Guy E. Williams,* Attorney General, *Oscar E. Ellis,* Assistant Attorney General, and *Henry W. Smith,* Prosecuting Attorney, for appellant.

ROBINS, J. Appellees, Dixon, Carter and Robertson, were charged in information filed by the prosecuting attorney with violation of § 3212 of Pope's Digest, which makes unlawful the sale, transfer or disposal of mortgaged chattels with intent to defeat the mortgagee in the collection of his debt. The evidence established that appellee Dixon had mortgaged his cotton crop to the United States of America, to secure a F.S.A. loan, on which a considerable balance remained unpaid at the time of the sale of the cotton referred to in the information; that appellee Dixon procured appellee Carter to haul the cotton to Gould, where appellee Robertson, who had been asked by the other two appellees to accompany them on the trip, had the cotton ginned in his name and sold it for $110.60, Dixon receiving from Robertson $60 out of the proceeds. It was also shown that Dixon failed to pay to the mortgagee any part of the money received for the cotton until after his arrest; but the officials of the

F.S.A. admitted that Dixon had permission from them to sell the cotton in the open market, with the understanding that he should pay over the proceeds to the mortgagee.

At the conclusion of the testimony the trial court, deeming that, under the rule announced in the case of *Lawhorn* v. *State,* 108 Ark. 474, 158 S. W. 113, in which we held that a conviction could not be had in a prosecution for this offense where it was shown that the mortgagee had agreed for the mortgagor to sell the mortgaged property, the state had failed to prove appellees guilty as charged, directed the jury to return a verdict of "not guilty," which was done.

The prosecuting attorney prayed an appeal, prosecuted here by the Attorney General, under the authority of §§ 4253 and 4254 of Pope's Digest, authorizing such an appeal when the Attorney General, from an inspection of the record, determines that the trial court has committed an error, correction of which by the Supreme Court is essential to the proper and uniform administration of the criminal laws of the state. In all such cases, regardless of the decision in this court, the trial had below is a bar to any subsequent trial of the accused for the same offense, the only possible result of the appeal being a ruling by us on questions of law that might serve as a guide in future trials.

This court, in the case of *State* v. *Smith,* 94 Ark. 368, 126 S. W. 1057, said: "The object and purpose of this provision of the statute is to obtain the decision of this court upon questions of the criminal law, so that it may serve to secure the correct and uniform administration thereof. But, if the decision of the question presented by the appeal would not serve such purpose, then it would not be of sufficient importance under this provision of the law to render an opinion thereon, and the appeal should not in such case be entertained. In the case at bar the legal question as to the sufficiency of the indictment was by the lower court decided in favor of the State, from which ruling therefore no appeal has been taken to this court. The appeal is only taken from

the ruling of the court that all the evidence introduced upon the trial was not sufficient to convict the defendant of the crime charged. The ruling was, therefore, rather upon the sufficiency of the testimony than upon a question of law. It is hardly probable that the testimony that is adduced in any two given cases will be so much alike that a decision upon the facts in one case would serve as an authority in the other. The testimony in cases containing similar charges is usually so different, and the inferences that may be drawn from the facts narrated are so varying, and the circumstances of each case are so peculiar to itself, that we do not think that an opinion given by this court upon the evidence adduced in the trial of a charge would serve any useful purpose as an authority in a case founded only on a similar charge. We do not think, therefore, that it is important to the correct and uniform administration of the criminal law that the evidence adduced in this case should be set out in detail, together with the inferences that might legally be drawn therefrom, and our opinion given thereon as to whether or not it was sufficient to warrant a conviction of the crime charged against the defendant.''

In the case of *State* v. *Spear and Boyce,* 123 Ark. 449, 185 S. W. 788, in which we refused to entertain the appeal of the state, it was said: ''It is clear that appeals in felony cases are not allowed by the State except in cases where it is important to have the court correct errors which prevent the 'uniform administration of the criminal law.' Appeals are not allowed merely to demonstrate the fact that the trial court has erred. The question of the legal sufficiency of the evidence in a given case constitutes a question of law for the decision of the court, but it can not become a precedent for application in another case because of the varying state of facts in different cases, and therefore the decision of that question, even though it be one of law, is not important in the 'uniform administration of the criminal law.' The State has no right to ask for the decision of this court on a question which is purely abstract in its nature, and we are of the opinion that the statute does not contemplate an appeal in a case in which the only error alleged is that the court

incorrectly decided that the evidence was not sufficient to warrant a submission of the issue to the jury.''

To the same effect is our holding in the case of *State* v. *Gray,* 160 Ark. 580, 255 S. W. 304, and also in the case of *State* v. *Massey,* 194 Ark. 439, 107 S. W. 2d 527.

The appeal by the State in the case at bar presents no question as to the sufficiency of the information, the admissibility of testimony, the competency of witnesses, the correctness of instructions, or any other question, the determination of which might furnish a precedent that would be ''important to the correct and uniform administration of the criminal law.'' The sole issue presented by this appeal is whether the evidence presented below was sufficient to show guilt of the appellees. It is not probable that there will hereafter be another case in which the facts proved will be so similar to those in the case at bar as to make a decision by us on the question of the sufficiency of the evidence herein of value as a precedent. Therefore, under the rule heretofore announced by us, this appeal is not one which we should entertain.

The application presented by this appeal for a decision by us on this question is denied.