STATE of Arkansas *v.* Edward MAZUR

CR 92-836                                         847 S.W.2d 715

Supreme Court of Arkansas
Opinion delivered 'February 22, 1993

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Dailey, West, Core, Coffman & Canfield*, by: *Eldon F. Coffman* and *Stanley A. Leasure*, for appellee.

JACK HOLT, JR., Justice. This is an appeal by the State from the Polk County Circuit Court's dismissal of a charge against Mr. Edward Mazur for theft of property, a class B felony, on the grounds that the three year statute of limitations, pursuant to Ark. Code Ann. § 5-1-109(b)(2) had not run and that even if the statute of limitations had run, the State was nevertheless entitled to commence prosecution under Ark. Code Ann. § 5-1-109(c)(1)

(Supp. 1991) within one year after the offense should have been discovered by the victim because the offense allegedly involved "breach of a fiduciary obligation." The State contends that an error was committed by the trial court which prejudices the State, and therefore, review is required for the "correct and uniform administration of the criminal law." Ark.R.Crim.P. Rule 36.10(b-c). We disagree and dismiss its appeal.

This case arose due to the alleged theft by appellee, Mr. Edward Mazur, of an approximately $150,000 coin collection owned by his brother and nephew. Father and son, Mssrs. Stephen Mazur, Sr. and Jr., entrusted the collection to appellee in September 1982 for safekeeping.

Over the next nine years, Stephen, Sr. and Jr. made numerous attempts to retrieve the coins from Edward but to no avail. In early 1991 Edward admitted he had used at least thirty percent of the coins to finance an investigation into his son's death. A bench warrant was issued for appellee in December 1991, and he was charged in January 1992. After an evidentiary hearing on appellee's motion to dismiss due to the lapse of the statute of limitations, the circuit court dismissed the information stating that: "Pursuant to the provisions of Ark. Code Ann. 5-1-109(2), a prosecution for a Class B Felony must be commenced within three years after its commission. This prosecution is barred by the operation of the statute of limitations." On appeal, the State submits that the circuit court erred in interpreting the statute of limitations provided in Ark. Code Ann. § 5-1-109(b)(2) and (c)(1) (Supp. 1991).

The State claims this court has jurisdiction over this matter as a question of "correct and uniform administration of criminal law." As a general rule, the State has no right to appeal except as conferred by constitution or rule of criminal procedure. *State* v. *Tipton*, 300 Ark. 211, 779 S.W.2d 138 (1989). Ark.R.Crim.P. Rule 36.10(b-c) authorizes the State to appeal following a felony prosecution if "the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and the correct and uniform administration of the criminal law requires review by the Supreme Court."

Clearly, the State's argument that the trial court erred

in dismissing the information against Mr. Mazur because the statute of limitations had not run does not involve the correct and uniform administration of criminal law. After an evidentiary hearing, the trial court determined that the statute of limitations had run on this felony. "Where the trial court acts within its discretion after making an evidentiary decision based on the facts on hand or even a mixed question of law and fact, this court will not accept an appeal under Ark.R.Crim.P. 36.10." *State* v. *Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992). Here, the State questions the trial court's application of a statute to the facts at hand and not its interpretation, so the appeal must be dismissed.

Appeal dismissed.