STATE of Arkansas *v.* Ryan McCORMACK

CR 00-716                                         34 S.W.3d 735

Supreme Court of Arkansas
Opinion delivered December 15, 2000

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellant.

*Perroni & James Law Firm*, by: *Samuel A. Perroni*, for appellee.

ANNABELLE CLINTON IMBER, Justice. This is an appeal by the State from an order by the Pulaski County Circuit Court acquitting Officer Ryan McCormack of aggravated assault. For its only assignment of error, the State argues that the circuit court erred by refusing to instruct the jury on the lesser-included offenses of assault in the first, second, and third degrees. Officer McCormack contends that this case is not properly appealable by the State under Rule 3 of the Arkansas Rules of Appellate Procedure—Criminal. We agree and dismiss the State's appeal.

The aggravated assault charge against Officer McCormack, an officer with the Little Rock Police Department, arose from an incident that occurred on May 2, 1999. On that day, it is undisputed that fourteen-year-old Jordan Williams and two of his friends were playing on a trampoline in Jordan's fenced back yard in Maumelle. While doing so, the boys began throwing small twigs, bark, mulch, and ice over the fence at vehicles traveling along Trevino Road. Some of the objects hurled by the boys hit Officer McCormack's truck as it passed by the fence on Trevino Road. Officer McCormack was off-duty and not in uniform at the time, but he was armed with a forty-caliber "Baby Glock" pistol.

Officer McCormack testified that he and several passengers were proceeding along Trevino Road in his truck when he saw objects that he believed to be rocks and bark flying across the road, some of which struck his truck. He immediately turned his truck around, pulled to the side of the road, and exited the truck. At that point, he climbed onto the fence and saw the boys running away. According to his own testimony, he then identified himself as a police officer and asked the boys to stop running. When they continued to run, Officer McCormack said that he climbed over the fence, entered the back yard, and "tried to go apprehend these people." His brother, who was a passenger in the truck, also climbed the fence. Upon entering the back yard, Officer McCormack did not see anyone in the yard; but, as he was about to climb back over the fence, he saw someone lying on the ground, who later turned out to be Jordan. According to Officer McCormack, he could not see Jordan's hands because Jordan was lying face down with his hands underneath him in his crotch and stomach area. For that reason, he became concerned for his safety and his brother's safety and proceeded to identify himself as a police officer before ordering Jordan to show his hands. Officer McCormack testified that he yelled the instruction "let me see your hands" three times, and as he yelled the instruction the third time, he pulled his weapon from his holster and took it in his hands "positioned to the ground." A few seconds later, Officer McCormack testified that Jordan showed his hands by putting them in the air, whereupon he reholstered his weapon, approached Jordan, and patted him down. He then pulled Jordan from the ground, walked him over to the house, and ordered him to go inside and get his mother.

Jordan testified that when Officer McCormack put on his brakes and drove back to the fence, he hid in the yard while his friends, Steven Price and Brandon Boswell, ran inside the house. He also testified that Officer McCormack climbed over the fence, and, upon noticing him hiding in the yard, "drew his weapon and pointed it at me[.]" At that point, Jordan stated that he fell to the ground from his crouching position and lay there face down with his hands over his head. Officer McCormack then approached him, patted him down, and identified himself as a police officer for the first time.

Brandon Boswell testified that he and Steven Price ran into the house when Officer McCormack approached the fence. Once inside, he stated that he looked out the window and saw that

Officer McCormack had pulled his gun and was pointing it at Jordan's head. Steven Price also testified that Officer McCormack pulled his gun and pointed it at Jordan.

Officer McCormack was eventually charged by felony information with aggravated assault. At trial, following the presentation of all proof in the case, the State proffered instructions to the trial court for assault in the first, second, and third degrees as lesser-included offenses of aggravated assault. However, the only crime with respect to which the jury was instructed was aggravated assault. The jury returned a verdict of not guilty.

The threshold issue in this case is whether the State has properly brought this appeal under Ark. R. App. P.—Crim. 3. *State v. Guthrie*, 341 Ark. 624, 19 S.W.3d 10 (2000). Officer McCormack asserts that this case is not appealable by the State because it does not raise an issue "important to the correct and uniform administration of the criminal law," as is required pursuant to Ark. R. App. P.—Crim. 3(c). According to Officer McCormack, the State merely alleges error in the trial court's application of the law to the facts of this case.

▮▮▮▮ In criminal cases, we accept appeals by the State in limited circumstances:

> There is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. The former is a matter of right, whereas the latter is not derived from the Constitution, nor is it a matter of right, but is granted pursuant to Rule 3.

*State v. Guthrie,* 341 Ark. at 628, 19 S.W.2d at 13. In that case, we quoted the following language from *State v. Stephenson* as our established law on the subject:

> We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. Rule 3(c). As a matter of practice, this court has only taken appeals "which are narrow in scope and involve the interpretation of law." *State v. Banks,* 322 Ark. 344, 345, 909 S.W.2d 634, 635 (1995). Where an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. *State v. Harris,* 315 Ark. 595, 868 S.W.2d 488 (1994). Appeals are not allowed merely to demonstrate the fact

that the trial court erred. *State v. Spear and Boyce*, 123 Ark. 449, 185 S.W. 788 (1916).

*State v. Stephenson*, 330 Ark. 594, 595, 955 S.W.2d 518, 519 (1997). Thus, where the resolution of the issue on appeal turns on the facts unique to the case, the appeal is not one requiring interpretation of our criminal rules with widespread ramification, and the matter is not appealable by the State. *State v. Guthrie, supra; State v. Howard*, 341 Ark. 640, 19 S.W.3d 4 (2000); *State v. Gray*, 330 Ark. 364, 955 S.W.2d 502 (1997) ("Because the trial court's decision in the present case necessarily turned on whether appellee in fact abandoned the marijuana, we must conclude that the resolution of this issue does not require an interpretation of our criminal rules with widespread ramifications."); *State v. Harris*, 315 Ark. 595, 868 S.W.2d 488 (1994) ("The decision of the trial judge which we are asked to review turned on the facts of the case to such an extent that the correct and uniform administration of the law could not be at issue."); *State v. Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992) ("Here, the State questions the trial court's application of our rule to the facts at hand and not its interpretation, so the appeal must be dismissed.").[1] This court will not even accept mixed questions of law and fact on appeal by the State. *State v. Gray, supra; State v. Edwards, supra; State v. Hart*, 329 Ark. 582, 952 S.W.2d 138 (1997) ("Because the issue presented in this appeal involves a mixed question of law and fact, an interpretation of our rules with widespread ramifications is simply not at issue here."). Likewise, where an appeal raises the issue of application, not interpretation, of a statutory provision, it does not involve the correct and uniform administration of the criminal law and is not appealable by the State. *State v. Jones*, 321 Ark. 451, 903 S.W.2d 170 (1995); *State v. Mazur*, 312 Ark. 121, 847 S.W.2d 715 (1993). *See also State v. Edwards, supra.* Accordingly, we must determine whether the issue presented by the State for review is merely an issue of application of a statutory provision, as Officer McCormack contends, or an issue of statutory interpretation, as the State contends.

---

[1] Our law is well settled that the State is not permitted to appeal when the sole issue is the sufficiency of the evidence of the defendant's guilt because such cases, although they present questions of law, are determined by the varying state of facts in each case, and are therefore not important to the uniform administration of the criminal law. *State v. Stephenson*, 330 Ark. 594, 955 S.W.2d 518 (1997) (citing *State v. Long*, 311 Ark. 248, 844 S.W.2d 302 (1992); *State v. Dixon*, 209 Ark. 155, 189 S.W.2d 787 (1945); and *State v. Spear and Boyce*, 123 Ark. 449, 185 S.W. 788 (1916)). When the issue presented for appeal by the State turns entirely upon the facts, we will not hear the appeal.

■ In its opening brief, the State asserts that a rational basis existed for giving all three of the proffered jury instructions pursuant to Ark. Code Ann. § 5-1-110(c) (Repl. 1997). The State also reviews the applicable law whereby, pursuant to Ark. Code Ann. § 5-1-110(c), the trial court is required to instruct the jury on a lesser-included offense when a "rational basis" exists that a defendant may be acquitted of the charged crime but convicted on a lesser-included offense. The State then proceeds to discuss all of the evidence presented at trial that purportedly tends to show the required rational basis. In other words, the State's argument is based entirely on the application of the law to the facts and in no way raises an issue of statutory interpretation. In *State v. Jones,* this court stated that we only take appeals that are narrow in scope "and involve the interpretation of the law." 321 Ark. at 456, 903 S.W.2d at 173 (1995). There, the State argued, just as it does here, that it was entitled to jury instructions on lesser-included offenses, "pursuant to section 5-1-110(c), given the proof it presented in this case." *Id.,* 321 Ark. at 455, 903 S.W.2d at 172. This court refused to address the ultimate issue of "whether application of section 5-1-110(c) to the facts of this case would have entitled the state to the proffered instructions." *Id.,* 321 Ark. at 456, 903 S.W.2d at 173.[2] We further stated:

> Therefore, to the extent this appeal merely raises an issue of the *application* of section 5-1-110(c) to the facts of this case, rather than its *interpretation,* the appeal does not involve the correct and uniform administration of the criminal law and is not addressed by this court.

*Id.,* 321 Ark. at 457, 903 S.W.2d at 173. For those same reasons, we do not address the ultimate issue of whether application of section 5-1-110(c) to the facts of the instant case would entitle the State to the proffered instructions.

■ The State argues in its reply brief that the trial court misinterpreted Ark. Code Ann. § 5-1-110(c). Specifically, the State asserts that the trial court refused to give the proffered instructions, not because the State failed to provide a rational basis for doing so, but because Officer McCormack denied the charges. Thus, we are asked to determine, as we did in *State v. Jones,* that the trial court based its ruling on an incorrect rationale. We decline, however, to

---

[2] Contrary to the dissent's assertion, in *Jones* this court did not address the issue of whether there was evidence that justified giving the requested instructions.

reach the merits of this argument because the State raises it for the first time in the reply brief. An argument cannot be raised for the first time in a reply brief. *Jordan v. State*, 323 Ark. 628, 917 S.W.2d 164 (1996).

As stated above, the opening brief by the State focuses exclusively upon the application of section 5-1-110(c) to the evidence presented at trial and argues that a rational basis existed for giving all of the proffered instructions. Pursuant to our holding in *Jones v. State*, the State's appeal as argued in its original brief merely raises the issue of the application, not interpretation, of section 5-1-110(c) to the facts of this case. Thus, it does not involve the correct and uniform administration of the criminal law and is not appealable by the State.

■ In the reply brief, the State attempts to change its argument to one alleging error based upon the trial court's faulty reasoning. In that regard, the State makes no reference in its original brief to the trial court's rationale for refusing to give the proffered instructions. Moreover, the State initially relies upon the following point of error in its original brief: "The trial court erred by refusing to instruct the jury on the lesser-included offenses of assault in the first degree, assault in the second degree, and assault in the third degree." However, the State relies upon a different point of error in its reply brief: "The trial court misinterpreted Ark. Code Ann. § 5-1-110(c)." Under these circumstances, we conclude that the State does not contend in its original brief that the trial court misinterpreted the law. We must therefore treat that argument as waived and abandoned by the State. *Jordan v. State, supra.*

■ The State's argument in its original brief merely raises the issue of application, not interpretation, of a statutory provision. Such an argument is not a proper basis for an appeal by the State, so the appeal must be dismissed. *Jones v. State, supra.*

Appeal dismissed.

ARNOLD, C.J., GLAZE and BROWN, JJ., dissent.

R OBERT L. BROWN, Justice, dissenting. This court should take the State's appeal when the issue raised is "important to the correct and uniform administration of criminal law." Ark. R. App. P.—Crim. 3. Here, the issue raised by the State, as I see it, is whether a trial judge is required to give instructions of the lesser included offenses requested by the State when a rational basis

exists in the evidence for doing so. That is an issue that cries for resolution and is patently one of universal significance. Indeed, a state statute requires giving instructions on lesser included offenses, where a rational basis exists for doing so:

> (c) The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser included offense.

Ark. Code Ann. § 5-1-110(c) (Repl. 1997); *see also State v. Jones*, 321 Ark. 451, 903 S.W.2d 170 (1995). Indeed, in *Jones* this court took a state appeal and declared error where the trial court refused to give instructions on lesser included offenses when there was evidence that justified doing so.

The majority concludes that this issue turns on its facts and, thus, does not meet the requirements of Ark. R. App. P.—Crim. 3. But that misses the point. The issue respecting the uniform administration of criminal law is whether those instructions are required to be given, assuming the requisite evidence exists for giving them.

The fallacy in the majority's theory is that this issue raised by the State can never be addressed because there will always have to be an initial "factual" determination by the judge of whether a rational basis exists for the instructions on lesser included offenses. That position effectively precludes the State from ever having this thorny legal issue resolved.

I would reach the merits of the issue raised, and for that reason, I respectfully dissent.

ARNOLD, C.J., and GLAZE, J., join.