2010 Ark. 49

**STATE of Arkansas, Appellant,**

v.

**Edward JOSHAWAY, Appellee.**

**No. CR 09–530.**

Supreme Court of Arkansas.

Jan. 28, 2010.

ELANA CUNNINGHAM WILLS, Justice, dissenting on denial of rehearing.

I would grant rehearing. We dismissed the State's appeal in this case, *see State v. Joshaway,* 2009 Ark. 595, 2009 WL 4405796, because the speedy-trial rule upon which the State relied for reversal was so clear that "the correct and uniform administration of the criminal law does not require that this court interpret it." *Joshaway,* 2009 Ark. 595, at 2, 2009 WL 4405796 (citing Ark. R.Crim. P. 28.2(b) ("[w]hen the charge is dismissed upon motion of the defendant and subsequently the charge is reinstated following an appeal, the time for trial shall commence running from the date the mandate is issued by the appellate court")). We stated that "where the language is plain, there is no need for interpretation." We therefore dismissed the State's appeal.

In its petition for rehearing, the State argues that, despite the clarity of Arkansas Rule of Criminal Procedure 28.2(b), it was not followed by the circuit court and that "[t]he failure of a circuit court to follow law so clear that it requires no interpretation is ... the *sine qua non* of an appeal taken in the interest of the correct and uniform administration of the law." I agree.

The State's right of appeal is limited to those circumstances allowed by Arkansas Rule of Appellate Procedure–Criminal 3, which provides, in pertinent part, as follows:

(b) Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge.

(b) When a notice of appeal is filed pursuant to either subsection (a) or (b) of this rule, the clerk of the court in which the prosecution sought to be appealed took place shall immediately cause a transcript of the trial record to be made and transmitted to the attorney general, or delivered to the prosecuting attorney, to be by him delivered to the attorney general. *If the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and that the correct and uniform administration of the criminal law requires review by the Supreme Court, he may take the appeal by filing the transcript of the trial record with the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal.*

(Emphasis added.)

This language has a long history in Arkansas law. It is essentially the adoption of the statutory language found at Arkansas Code Annotated section 16–91–112 (Repl.2006), which traces its history back to the Criminal Code of 1869, section 329. The Criminal Code provision followed the passage of earlier statutes also granting a right of appeal to the State in criminal cases. *See* Gould's Digest, Chapter 52, section 245 (1858) (discussed in *State v. Massery,* 302 Ark. 447, 793 S.W.2d 108 (1990) (Hays, J., dissenting)); and Act of

1838, section 213 (February 13, 1838) (interpreted in *State v. Graham*, 1 Ark. 428, 1 Pike 428 (1839), as authorizing, for the first time, an appeal by the state in a criminal case).

Throughout its history, this court has been reluctant to accept appeals by the State, dismissing them where the defendant had been acquitted and the appeal would serve only to declare error, *see, e.g., State v. Massery*, 302 Ark. at 452–53, 793 S.W.2d at 108–09 (Hays, J. dissenting) (tracing the legislative history and collecting cases); or where the appeal involves a purely factual issue or a mixed question of law and fact, *see, e.g., State v. Massey*, 194 Ark. 439, 107 S.W.2d 527 (1937); or where the appeal involves the application, rather than the interpretation, of the law. *See, e.g., State v. Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992). The court has now apparently expanded that reluctance and declined to consider a case where the State's point for reversal is meritorious, but so clear that it "does not require that this court interpret it." *Joshaway*, 2009 Ark. 595, at 2, 2009 WL 4405796.

While the plain language of Rule 28.2(b) certainly is "clear" on its face, I note that there is not one reported Arkansas decision discussing or interpreting it. More importantly, in my view, the "correct and uniform *administration*" of the criminal law, as that phrase is used in Rule 3(c), entails the correct administration of that law in the case sought to be appealed as well as the administration of the law in future cases. Indeed, early cases interpreting the Criminal Code provision upon which Rule 3(c) is based acknowledged the desirability of accepting State appeals where it was important to the correct and uniform administration of the criminal law *or* "the correction of the error complained of will prevent a particular individual deemed guilty by the prosecuting officers

from escaping from the meshes of the law." *State v. Withrow*, 47 Ark. 551, 553, 2 S.W. 184, 184 (1886); *see also State v. Graham*, 1 Ark. at 433 (discussing the need for appeals in criminal cases to remedy the "great uncertainty and contrariety of decisions, in the different courts in criminal matters" and to "establish a uniform rule of decision in that class of [criminal] cases throughout the State").

In the present case, our dismissal of the State's appeal may have been, to some degree, informed by the fact that the requested appeal is plagued by a significant preservation issue. Although it is true that the circuit court failed to follow Rule 28.2(b)—despite its unassailable clarity—the State did not argue this precise portion of the rule below. This fact may be viewed as casting some doubt as to whether an appeal by the State in these circumstances is "required" or "important" for the correct and uniform administration of the law.

Our case law is not entirely clear on whether a preservation issue is a proper consideration in evaluating the propriety of a State appeal under Rule 3. We have sometimes referred to such issues when dismissing a State appeal. *See, e.g., State v. Johnson*, 374 Ark. 100, 286 S.W.3d 129 (2008) (noting two separate unpreserved issues in dismissing a State appeal on speedy-trial grounds); *State v. Banks*, 322 Ark. 344, 909 S.W.2d 634 (1995) (noting that, while one portion of the State's argument "may have lent some importance for a [Rule 3] review," it was not argued by the prosecutor below). The better rule, in my view, is that such issues, although certainly grounds for affirmance, are not relevant to the question of our jurisdiction. *See, e.g., State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007) (accepting a State appeal because "our holding in [the] case would be important to correct and have

uniform administration of the criminal law," but affirming because the sole point argued on appeal was not presented below).

Because I conclude, for the foregoing reasons, that this court has jurisdiction of the State's appeal in this case, I would grant rehearing.

GUNTER and DANIELSON, JJ., join in this dissent.