Courtney Hudson Goodson, Justice, dissenting. The majority holds that this court has jurisdiction to decide whether, for purposes of the statute of limitations, theft by deception is a continuing, offense in the instant case. I respectfully disagree with that conclusion. This court decides appeals brought by the State in criminal cases only when the issue is narrow in scope, involves the interpretation of law, has widespread ramifications, and involves the correct and uniform administration of the criminal law. State v. Coble, 2016 Ark. 114, 487 S.W.3d 370. This court has held that the correct and uniform administration of the criminal law is at issue when the question presented is solely a question of law independent of the facts in the case appealed. State v. Crane, 2014 Ark. 443, 446 S.W.3d 182. Similarly, where the resolution of the issue on appeal turns on the facts unique to the case or involves a mixed question of law and fact, the appeal is not one requiring interpretation of our criminal rules with widespread ramification, and the matter is not appeal-able by the State. State v. Brashers, 2015 Ark. 236, 463 S.W.3d 710. The question presented by the State in this appeal is whether the charge of theft by deception is barred by the applicable three-year statute of limitations. For reversal of the circuit court’s dismissal order, the State asserts that the statute of limitations had not expired, because the period was extended by fraud and because theft by deception is a continuing offense in this case. The majority correctly concludes that whether the statute of limitations |14was extended by fraud is not a proper subject for a State appeal because the resolution of that issue turns on the unique facts of this case and involves a mixed question of fact and law. On the other hand, it maintains that the issue whether theft by deception is a continuing offense is purely one of law. Specifically, the majority holds that the question turns solely on statutory interpretation and not on the application of the law to the particular facts of this case. I do not agree with this conclusion. In its argument, the State invokes our decision in McEntire v. State, 363 Ark. 473, 215 S.W.3d 658 (2005), where this court considered the question whether the evidence was sufficient to support a conviction for theft by deception. In the opinion, we observed that the term “deception” is defined by statute as “[ejmploying any other scheme to defraud.” This court also noted that a “scheme to defraud,” For purposes of fraudulent representation statutes, [a scheme to defraud] consists of forming [a] plan or devising some trick to perpetrate fraud upon another .... Such connotes a plan or pattern of conduct which is intended to or is reasonably calculated to deceive persons of ordinary prudence and comprehension. McEntire, 363 Ark. at 477, 215 S.W.3d at 660 (quoting Black’s Law Dictionary 1344 (6th ed. 1990)). Based on this definition, the State argues that the facts of this case demonstrate that Gray engaged in a continuing scheme to defraud. Further, the State asserts that the offense was not committed until Gray’s course of conduct had terminated, which according to the State, under the facts of this case, occurred on May 17, 2014. In support of that contention, the State relies on the New Jersey Supreme Court’s opinion in State v. Diorio, 216 N.J. 598, 83 A.3d 831 (2014). There, the court recognized that lifitheft by deception can be considered a continuing offense where the facts show that a defendant engaged in a continuing scheme or course of behavior to obtain funds by deception. The court also held that, under that set of facts, the statute of limitations does not commence until the course of conduct is complete. The State’s argument is that theft by deception is a continuing offense under the facts of this case. As presented here, resolution of this issue is not purely a matter of statutory construction. Rather, it is a question of law that is dependent on the facts of this case. Moreover, this court has held that determining whether the statute of limitations on a particular felony has run does not involve the correct and uniform administration of criminal law and is not appropriate for a State appeal. State v. Mazur, 312 Ark. 121, 847 S.W.2d 715 (1993). “Where the trial court acts within its discretion after making an evidentiary decision based on the facts on hand or even a mixed question of law and fact, this court will not accept an appeal” brought by the State. Id. at 123, 847 S.W.2d at 716 (quoting State v. Edwards, 310 Ark. 516, 518, 838 S.W.2d 356, 357 (1992)). We should do the same here and dismiss the appeal in its entirety. Baker and Hart, JJ., join.