Cite as 2020 Ark. App. 493

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR–20–126

| | | |
|---|---|---|
| JP | | **Opinion Delivered** October 28, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. 71JV-19-25] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE TROY BRASWELL, JUDGE |
| | | AFFIRMED |

## BRANDON J. HARRISON, Judge

The State alleged that JP, a teenager, caused substantial inconvenience to the owners of a vehicle by trying to open the door of a locked SUV parked near a boat dock. The substantial inconvenience came when the vehicle owners left a docked boat to detain JP and his cousin for thirty minutes until law enforcement officers arrived after one or more of the boys tried to enter the locked SUV by pulling on one of the door handles. The case was tried to the Van Buren County Circuit Court, which adjudicated JP delinquent.

JP challenges the sufficiency of the State's evidence against him. He argues that unsuccessfully trying to open a locked vehicle door was not "tampering with property" and did not cause a substantial inconvenience to the owner. He also contends that the court's factual findings are not supported by proof beyond a reasonable doubt given the primary witness's self-contradictory testimony about whether it was JP or his cousin who pulled on the door handles.

We do not decide the merits of JP's arguments in this appeal because they are procedurally barred. The bar is that JP did not move for dismissal at the close of all the evidence as required by Arkansas Rule of Criminal Procedure 33.1(b); his challenge to the sufficiency of the evidence is therefore not preserved for review.

JP asserts that his challenge to the sufficiency of the evidence is properly preserved for appellate review and that Rule 33.1's requirements substantially infringe on his federal constitutional rights to due process, freedom from self-incrimination, right to counsel, and the presumption of innocence. In JP's view, a "simple review of the record dooms the State's [preservation] argument" because he moved to dismiss at the close of the prosecution's case. He argues,

> To put the proverbial icing on the cake, defense counsel even came back after the close of the evidence and, in response to the prosecutor's attempt to explain why the evidence was sufficient to sustain the charge, exhorted: "Your Honor, I would just add that again I would say that the purpose of this law, including substantial inconvenience, is not for this. I would just say that, and nothing about it was inconvenience. There was nothing done to the vehicle. There was nothing harmed. There was nothing missing."

JP moved to dismiss at the close of the State's case. But did he renew that motion to dismiss at the close of all the evidence? The parties dispute whether the following colloquy occurring during the adjudication trial was a renewal of JP's motion to dismiss, which happened after he finished testifying in his own defense.

| THE COURT: | Any other witnesses? |
| --- | --- |
| DEFENSE ATTORNEY: | No, Your Honor. |
| THE COURT: | Okay. All right, so I assume no rebuttal Mr. Brown? |

PROSECUTING ATTORNEY:　　　That's correct, Your Honor, no rebuttal.

The court asked the parties questions about the criminal-mischief statute that JP and his cousin allegedly violated.[1]　The court specifically asked the attorneys, "What was the tampering?"　The prosecuting attorney responded that the "tampering would be the pulling on the door handles of the vehicle."　The prosecutor argued further that the State was proceeding under an accomplice-liability theory so "it doesn't really matter so much which party did it [JP or his cousin] or that we can't actually establish which party did it."　In the State's view, both juveniles were responsible because one pulled on the door handle and the other drove a motorcycle that transported the so-called door puller.

When asked whether he had anything to add, JP's attorney said that there was no inconvenience to the owner, that nothing was harmed, that no repairs were needed, and that nothing was missing.　The court disagreed, stating that the owners "had to miss the rest of their lake day" and had to wait and talk to law enforcement.　JP's attorney argued that JP "was simply playing a prank[.]"　The court said, "Okay.　All right, I'll be in recess for about five minutes, review my notes and the law and I'll be right back with you."　The circuit judge returned to the courtroom and adjudicated the two juveniles delinquent.

We agree with the State that JP failed to renew his motion to dismiss.　Our supreme court has interpreted Rule 33.1's timing element "close of the whole case" to mean "after the last piece of evidence has been received." *King v. State*, 338 Ark. 591, 595, 999 S.W.2d 183, 185 (1999).　After JP testified, it was clear that there would be no rebuttal testimony—

---

[1]If the State had charged JP as an adult, JP's behavior would constitute criminal mischief in the second degree, which is a Class B misdemeanor.　Ark. Code Ann. § 5-38-204(a)(2) (Repl. 2013).

meaning that the last piece of evidence had been received. JP then failed to renew his motion to dismiss after the last piece of evidence had been received. The State immediately began its closing argument in response to the court's questions about the statute.

A similar situation happened in *Jones v. State*, 347 Ark. 409, 415, 64 S.W.3d 728, 732 (2002), where the supreme court did not reach the merits of the juvenile's appeal. The supreme court held that a juvenile's failure to renew his motion for directed verdict after the close of all the evidence in a delinquency proceeding forecloses any appellate review of the sufficiency of the evidence. *Id.* at 416, 64 S.W.3d at 733. We are bound by *Jones* and therefore decline to decide this appeal's merit because JP failed to move to dismiss at the close of all the evidence.

Regarding JP's challenge to the constitutionality of Rule 33.1, this argument was raised for the first time on appeal, so it is likewise procedurally barred. *State v. McCormack*, 343 Ark. 285, 291, 34 S.W.3d 735, 738–39 (2000).

JP's challenge to the State's proof was not properly preserved under Arkansas Rule of Criminal Procedure 33.1. We therefore affirm his delinquency adjudication without deciding the merit of his sufficiency arguments, which include some accomplice-liability points.

Affirmed.

SWITZER and WHITEAKER, JJ., agree.

*Ben Motal*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

4