Cite as 2021 Ark. App. 37

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–20–127

| | | |
|---|---|---|
| T.P. | | **Opinion Delivered:** January 27, 2021 |
| | APPELLANT | APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. 71JV-19-24] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE TROY BRASWELL, JUDGE |
| | | AFFIRMED |

## MIKE MURPHY, Judge

Appellant T.P. was adjudicated delinquent by the Van Buren County Circuit Court upon finding that he committed the offense of criminal mischief in the second degree. The court placed him on probation for six months. At the same hearing, T.P.'s cousin, J.P., was also adjudicated delinquent.[1] On appeal, T.P. challenges the sufficiency of the evidence. We affirm.

On May 28, 2019, while on her docked houseboat, Amanda Ferguson spotted two boys suspiciously approach her vehicle in the marina parking lot. She identified the boys as T.P. and his cousin J.P. at the hearing. Ferguson testified that she had never seen the boys before and that she had no reason to believe they had a reason to be at her car pulling on the door handle. She testified her doors were locked so they were not able to open the car

---

[1]J.P. is not a party to this appeal.

door. She explained her brother and son took off running from the dock to track down the boys, who were on a motorcycle. Ferguson testified they apprehended the boys and called law enforcement. J.P. testified next. He stated that neither he nor his cousin tried to get into Ferguson's car.

At the conclusion of the hearing, the court found that J.P. did in fact tamper with the door handle, meeting the requirements of criminal mischief. It further found that T.P. was an accomplice. J.P. separately appealed this ruling, which our court affirmed in *JP v. State*, 2020 Ark. App. 493, *reh'g denied* (Dec. 9, 2020). There, we held that J.P.'s argument was not properly preserved under Arkansas Rule of Criminal Procedure 33.1. T.P. now timely appeals.

T.P. challenges the sufficiency of the evidence against him, arguing that the evidence presented at trial did not meet the definition of "tampering" as required by the relevant statute. For the reasons explained in *JP*, 2020 Ark. App. 493, we must also find that T.P.'s argument is not preserved for review because he did not move for dismissal at the close of all the evidence as required by Arkansas Rule of Criminal Procedure 33.1(b). As we explained in *JP*,

> Our supreme court has interpreted Rule 33.1's timing element "close of the whole case" to mean "after the last piece of evidence has been received." *King v. State*, 338 Ark. 591, 595, 999 S.W.2d 183, 185 (1999). After JP testified, it was clear that there would be no rebuttal testimony—meaning that the last piece of evidence had been received. JP then failed to renew his motion to dismiss after the last piece of evidence had been received. The State immediately began its closing argument in response to the court's questions about the statute.

*JP*, 2020 Ark. App. 493, at 3–4.

2

T.P. and J.P. were tried as accomplices and represented by the same attorney. T.P. did not make a separate motion to dismiss after the last piece of evidence had been received. Therefore, we affirm his delinquency adjudication.

Affirmed.

GLADWIN AND BROWN, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appellee.