STATE of Arkansas *v.* Frankie E. HART

CR 97-168                                         952 S.W.2d 138

Supreme Court of Arkansas
Opinion delivered September 25, 1997

*Winston Bryant,* Att'y Gen., by: *C. Joseph Cordi, Jr.,* Asst. Att'y Gen., for appellant.

*Dunham & Faught, P.A.,* by: *James Dunham,* for appellee.

W.H. "DUB" ARNOLD, Chief Justice. The State brings this interlocutory appeal under Ark. R. App. P.—Crim. 3(c), asserting the ground that the circuit court improperly suppressed items seized from appellee Frankie E. Hart's home. The Attorney General contends, as it is required to do under the rule, that the correct and uniform administration of justice requires our review of

the circuit court's ruling. Because we disagree that the correct and uniform administration of justice is at issue here, we dismiss the appeal.

The undisputed facts in this case are as follows. On April 17, 1995, at approximately 9:15 a.m., Arkansas State Trooper Bill Glover was driving west on Highway 64 near London, Arkansas, when a white Corvette bearing Oklahoma tags pulled out in front of him. Having seen the vehicle several times in the area for over one month, Trooper Glover decided to follow it for the purpose of checking to see that its tags were properly registered. When the officer observed the vehicle make a sudden right turn into a parking lot without activating a signal, he approached the driver and asked for his license. Shortly after Trooper Glover identified the driver as appellee, Trooper James Stephens arrived at the scene with his narcotics dog. Despite the fact that both troopers repeatedly instructed appellee to keep his hands out of his pockets, he refused to do so. Trooper Stephens eventually requested appellee to empty his pockets. When appellee failed to completely empty one of his pockets, Trooper Stephens felt the pocket and removed a leather pouch containing a vial of what was later identified as methamphetamine. Appellee was placed under arrest. His car was searched, but no other narcotics were found.

Later that same day, the troopers contacted Officer Stephen Brown, coordinator of the Fifth Judicial Drug Task Force, who had information that appellee was dealing in narcotics. Officer Brown prepared a sworn affidavit and obtained a search warrant for appellee's residence from Judge Benny E. Swindell. Officer Brown and others executed the warrant later in the afternoon and discovered over three pounds of methamphetamine, various items of drug paraphernalia, marijuana, and various firearms. Appellee was charged with improper use of tags, possession of a controlled substance with intent to deliver, simultaneous possession of a controlled substance and firearms, and possession of drug paraphernalia. Appellee filed a pretrial motion to suppress the items seized from his residence. Following a hearing, the circuit court ruled that the search warrant was invalid because Officer Brown's affidavit contained conclusory allegations as well as references to confidential and anonymous sources with no factual indications of

reliability. In ruling that the evidence seized from appellee's home would be suppressed, the circuit court refused to apply the good-faith exception to the exclusionary rule enunciated in *United States v. Leon,* 468 U.S. 897 (1993), in which the Supreme Court held that objective good-faith reliance by a police officer on a facially valid search warrant will avoid the application of the exclusionary rule in the event the magistrate's assessment of probable cause is found to be in error.

The sole point raised in the State's appeal is whether the circuit court erred by not applying the good-faith exception to the exclusionary rule. Before addressing this issue, we must first decide whether this interlocutory appeal is properly before us under Rule 3(c). Particularly, we must decide whether the correct and uniform administration of justice requires us to review this question.

The circuit court's refusal to apply the good-faith exception in this case necessarily depended upon its assessment of whether Officer Brown acted in good faith in relying on the issuing magistrate's determination that the affidavit for search warrant demonstrated probable cause. In answering this question, the circuit court was required to apply an objective standard, which requires officers to have a reasonable knowledge of the Arkansas Rules of Criminal Procedure. See *Richardson v. State,* 314 Ark. 512, 863 S.W.2d 572 (1993). Thus, the circuit judge was called upon to decide whether an objective, reasonable officer with Officer Brown's training and experience would have had the good-faith belief that the affidavit established probable cause to search appellee's residence. The circuit court viewed both the facts and the law and determined that the good-faith exception did not apply.

██ Because the issue presented in this appeal involves a mixed question of law and fact, an interpretation of our rules with widespread ramifications is simply not at issue here. See *State v. Harris,* 315 Ark. 595, 868 S.W.2d 488 (1994). We have similarly held:

> Where the trial court acts within its discretion after making an evidentiary decision based on the facts on hand or even a mixed question of law and fact, this court will not accept an

appeal under Ark. R. Crim. P. 36.10 (now Ark. R. App. P.—Crim. 3(c).

*State v. Harris*, 315 Ark. At 597; *State v. Mazur*, 312 Ark. 121, 123, 847 S.W.2d 715 (1993); *quoting State v. Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992). We only accept appeals by the State when our holding would establish a precedent that would be important to the correct and uniform administration of justice. *State v. Rice* 329 Ark. 219, 947 S.W.2d 3 (1997); *State v. Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1995). Because the circuit court's decision in the present case required him to review unique circumstances and decide mixed question of law and fact, we must conclude that the correct and uniform administration of justice is not at issue. Accordingly, we dismiss the appeal.

Appeal dismissed.

GLAZE, IMBER, and THORNTON, JJ. dissent.