284 S.W.3d 62 (2008)
STATE of Arkansas, Appellant,
v.
S.G. (Juvenile), Appellee.
No. 07-1081.
Supreme Court of Arkansas.
May 8, 2008.
Rehearing Denied June 26, 2008.
Dustin McDaniel, Att'y Gen., by: Leaann J. Irvin, Ass't Att'y Gen., for appellant.
Dorcy K. Corbin, Pulaski County Public Defender's Office, for appellee.
JIM HANNAH, Chief Justice.
The State of Arkansas brings an interlocutory appeal under Ark. R.Crim. P. 3 seeking review of a decision of the Pulaski County Circuit Court, Juvenile Division, suppressing S.G.'s custodial statement. We hold that the appeal fails to comply with Rule 3. The State's interlocutory appeal is dismissed. Our jurisdiction is pursuant to Ark. Sup.Ct. R. 1-2(b)(1).
At a hearing to determine whether S.G.'s alleged misconduct should be handled under Extended Juvenile Jurisdiction,[1] the State attempted to introduce S.G.'s custodial statement. S.G. objected, asserting that the statement was taken in violation of Ark.Code Ann. § 9-27-317 (Repl.2002). More specifically, S.G. asserted that his waiver of his right to counsel was not valid because a person holding legal custody was not present as required by section 9-27-317. The circuit court suppressed the statement.

*63 Facts

When S.G. was two, his aunt was granted custody and guardianship of S.G. by a circuit court in Tennessee. He then lived with his aunt in Tennessee. Three months prior to the incident for which S.G. was arrested and questioned in the present case, he moved from Tennessee to Little Rock and lived with his grandmother. At all times relevant to this case, S.G.'s aunt held legal guardianship and legal custody of S.G. under the Tennessee circuit court order. His grandmother had filed a petition seeking custody as of the time of the hearing at issue; however, no evidence was offered to show that any action had been taken on that petition. S.G. was arrested in the presence of his grandmother and taken to the police station. His grandmother accompanied him there and was present when S.G. was questioned.

Ark.Code Ann. § 9-27-317
On appeal, the State argues that the circuit court erred in interpreting section 9-27-317(h)(2)(A) (Repl.2002). This section provides, "When a custodial parent, guardian, or custodian cannot be located or is located and refuses to go to the place where the juvenile is being held, counsel shall be appointed for the juvenile." The State asserts that the circuit court found that this language sets a "priority list" and ruled that "the police could not skip the guardian aunt to rely on the custodian grandmother's presence." We disagree that the circuit court made this finding and ruling. The record reveals that the circuit court ruled that section 9-27-317(h)(2)(A) requires police to seek out a person who holds legal custody of the juvenile whether that person is a parent, a guardian, or a custodian.
The discussion in the circuit court and on this appeal centers on whether the facts showed that S.G.'s grandmother was a "custodian."[2] The State argues that "the circuit court erred by concluding that Appellee's statement had to be excluded because his guardian aunt was not present, although his custodian grandmother was." The discussion in the hearing below concerned, among other things, the time that S.G. lived with his grandmother, how long he had lived with his grandmother, that she had filed a petition to assume guardianship, that S.G. had moved to Little Rock to live with his grandmother, that he was in her physical custody, as well as facts concerning the aunt's and the grandmother's relationship to S.G. The State argues about whether S.G.'s grandmother was a "custodian," which is a question of fact not subject to appeal by the State under Rule 3.
An interlocutory appeal under Rule 3 must concern the interpretation of the law, and it must involve the correct and uniform administration of justice. State v. Brooks, 360 Ark. 499, 202 S.W.3d 508 (2005). The correct and uniform administration of justice is at issue when the question presented is solely a question of law independent of the facts in the case appealed. See, e.g., State v. Hart, 329 Ark. 582, 952 S.W.2d 138 (1997). Where the appeal relies on facts unique to the case, the appeal will not lie. Hart, supra. The circuit court's decision in the present case required it to review unique circumstances and decide mixed questions of law and fact; therefore, we must conclude that the correct and uniform administration of justice is not at issue. Accordingly, we dismiss the appeal. See Hart, 329 Ark. at 585, 952 S.W.2d at 139. Appeal dismissed.
CORBIN, J., not participating.
NOTES
[1] See Ark.Code Ann. §§ 9-27-501-9-27-510 (Repl.2002).
[2] The term "custodian" is defined in Ark. Code Ann. § 9-27-303(14) (Repl.2002).