2011 Ark. 530

**STATE of Arkansas, Appellant**

v.

**Tammy BREWSTER and Jeremy Pennington, Appellees.**

**No. CR 11–618.**

Supreme Court of Arkansas.

Dec. 15, 2011.

Dustin McDaniel, Atty. Gen., Kathryn Henry, Asst. Atty. Gen., for appellant.

Clint Eugene Miller and Brandy Turner, Little Rock, for appellees.

DONALD L. CORBIN, Justice.

Pursuant to Rule 3(a)(1) of the Arkansas Rules of Appellate Procedure–Criminal, the State of Arkansas has filed this interlocutory appeal from the order of the Pulaski County Circuit Court granting the motion of Appellees, Tammy Brewster and Jeremy Pennington, to suppress physical evidence. For reversal, the State contends that the circuit court erred as a matter of law in its interpretation of the "reasonably foreseeable" test concerning police-created exigent circumstances adopted in *Mann v. State*, 357 Ark. 159, 161 S.W.3d 826 (2004), and urges this court to abandon that test as unworkable and to adopt the test recently established in *Kentucky v. King*, — U.S. —, —, 131 S.Ct. 1849, 179 L.Ed.2d 865 (2011). We conclude that this is not a proper State appeal under Rule 3 of the Arkansas Rules of Appellate Procedure—Criminal, and therefore dismiss the appeal.

Appellees were charged with five felonies involving the manufacture, possession, and delivery of methamphetamine and paraphernalia. The charges resulted from a single incident occurring on August 5, 2010, when Pulaski County Sheriff's deputies attempted a "knock and announce" at a residence after receiving information that a methamphetamine laboratory was active and currently in progress.

Appellee Brewster filed a motion to suppress the evidence, raising only a broad challenge to the search as warrantless. The circuit court held a hearing on the motion to suppress on April 18, 2011, and separate counsel for each Appellee appeared at the hearing. The State presented testimony from two witnesses who were law enforcement officers present at the incident in question. Both officers testified to the same series of events. Suffice it to say here that the officers received information that an active methamphetamine laboratory was in progress; that they acted on that information by knocking and announcing their presence at a residence; that after a series of further events, they entered the residence by force

and did indeed discover both Appellees present during the manufacturing of methamphetamine.

The circuit court ruled from the bench at the hearing and granted, without explanation of any kind, the motion to suppress. Two days after the ruling from the bench, the State filed timely notices of appeal from the order on April 20, 2011. The circuit court did not enter a written order until June 14, 2011. Noting that the decision to grant the motion to suppress was made April 18, 2011, the written order was entered nunc pro tunc. The same day the written order was entered, the State also filed amended notices of appeal. Appellee Brewster has filed a response brief on appeal; Appellee Pennington has not.

■■■■ The threshold issue in any State appeal is whether "the correct and uniform administration of the criminal law requires review by th[is] court." Ark. R.App. P.-Crim. 3(d) (2011).[1] This is an issue of subject-matter jurisdiction that this court is obliged to raise on its own, even when the parties do not. *See, e.g., State v. A.G.,* 2011 Ark. 244, 383 S.W.3d 317. As this court has consistently observed, there is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. *Id.* The former is a matter of right, whereas the latter is not derived from the constitution, nor is it a matter of right, but is granted pursuant to Rule 3. *Id.* Under Rule 3, we accept appeals by the State when our holding would establish important precedent or would be important to the correct and uniform administration of the criminal law. *State v. Johnson,* 2010 Ark. 77, 360 S.W.3d 104 We only take appeals that are narrow in scope and involve the interpretation of the law. *Id.*

Where the resolution of the issue on appeal turns on the facts unique to the case, the appeal is not one requiring interpretation of our criminal law with widespread ramification, and the matter is not appealable by the State. *State v. Nichols,* 364 Ark. 1, 216 S.W.3d 114 (2005). This court will not even accept mixed questions of law and fact on appeal by the State. *Id.*

This is not the first time the State has tried to appeal and argue that a trial court misinterpreted *Mann,* 357 Ark. 159, 161 S.W.3d 826. In *Nichols,* 364 Ark. 1, 216 S.W.3d 114, the State appealed and the sole issue raised was that the circuit court had misinterpreted *Mann.* This court concluded in *Nichols* that, regardless of how the State phrased its argument, resolution of that issue turned on the circuit court's consideration of facts unique to that particular case, and therefore *Nichols* was not a proper State appeal under Rule 3.

■■■■ In the present case, the State makes a similar allegation that the circuit court erred as a matter of law and misinterpreted *Mann.* The State concedes that the circuit court issued its ruling to grant the motion without explanation of any kind. "Nevertheless," the State asserts in its brief, "the [circuit] court necessarily found *Mann* controlling, so as to conclude that any decision to approach the residence, knock on the door, and announce 'Police' based on a suspicion of drug activity inside constituted a police-created exigency under *Mann.*" In addition however, the State also alleges, albeit for the first time on appeal, that we should abandon the test announced in *Mann* as unworkable and adopt the new test announced by

---

1. The requirement that a State appeal involve the correct and uniform administration of the law has previously appeared in subsection (c) of Rule 3. *See, e.g.,* Ark. R.App. P.-Crim. 3 (2010).

the United States Supreme Court in *King*, —— U.S. ——, 131 S.Ct. 1849.

A careful review of the record before us reveals the following occurred at the hearing on the motion to suppress:

[PROSECUTION]: Both of the officers testified to the exigent circumstances. Specifically, they testified one, that they feared that the evidence was going to be destroyed, but they also testified to the danger to the occupants of that residence, and the residences were very close together to the danger of the occupants of the residences surrounding that house.

They both testified to their experience and training, but I believe Sgt. Potter even testified that he's known meth labs to explode and kill people before.

I do have two cases from the Arkansas Court of Appeals. One is *Maddox v. State*. Another one is *Loy v. State*. Both deal with officers approaching the residence to serve warrants or because they smelled a strong chemical odor when they approached. They went in 'cause they feared for the safety of those inside. The Court did uphold that that was a good search for the exigent circumstances for fear of death or serious bodily injury to the occupants inside, and *it differs from another case, Mann v. State, where the search was not—The Court said the search was not good and that was just based on the delivery of methamphetamine, not a meth lab where it was not found to be something that was exigent and that the officers were going in to shut down the lab and prevent death or serious bodily injury.* [Emphasis added.]

THE COURT: Can I see those cases?

[PROSECUTION]: And I do have them marked up.

THE COURT: That's fine.

[PAUSE IN PROCEEDINGS]

THE COURT: Anything else from either side?

[PROSECUTION]: No, Your Honor.

[BREWSTER'S DEFENSE COUNSEL]: No, sir.

[PENNINGTON'S DEFENSE COUNSEL]: None, Your Honor.

THE COURT: Defense's Motion to Suppress will be granted.

As the foregoing demonstrates, the State simply argued to the circuit court that *Mann* should be distinguished based on the fact that the present case involved an active methamphetamine laboratory and did not involve merely a controlled delivery of methamphetamine as did *Mann*. The record on appeal does not establish that the circuit court even relied on *Mann* when it granted the motion to suppress, much less that it misinterpreted *Mann* in the manner the State contends. This lack of explanation for the circuit court's ruling [2] is fatal to this appeal because, despite the State's assertion to the contrary, the record reveals that defense counsel argued another basis upon which the circuit court could have based its ruling. Defense counsel challenged the State's proof of probable cause as well as exigent circumstances. In argument at the hearing, as previously quoted herein, defense counsel for Appellee Brewster initially recounted that the State had the burden of proving *both* probable cause *and* exigent circumstances. Then, defense counsel argued specifically that the officer testified that "they had evidence that there was manufacturing of meth going on at

2. Although the circuit court did later enter a written order granting the motion to suppress, the written order likewise does not give any explanation of any kind for the court's ruling.

that residence," but that the officer "did not expound on that on exactly where they had gotten that information from." Based on this argument by defense counsel, it is possible that the circuit court could have based its ruling on a lack of proof of probable cause. The State has not met its burden of producing a record on appeal that demonstrates the circuit court misinterpreted or even relied on *Mann* when it granted the motion to suppress. Thus, because Appellee Brewster argued another basis upon which the circuit court could have based its ruling, the lack of proof of probable cause, the State has failed to carry its burden of producing a record on appeal that demonstrates the circuit court misinterpreted or even relied on *Mann* to make its ruling.

■ We note that, between the time the oral ruling was made from the bench and the written order was entered, the United States Supreme Court handed down its decision in *King* on May 16, 2011. We take this opportunity to expressly acknowledge that the *King* decision abrogates the "reasonably foreseeable" test for police-created exigent circumstances, as that test is set forth by this court in *Mann*, 357 Ark. 159, 161 S.W.3d 826. *King* observed that the *Mann* test introduces an "unacceptable degree of unpredictability." *See King*, ___ U.S. at ___, 131 S.Ct. at 1859. The *King* ruling is based on Fourth Amendment law and expressly abrogates the *Mann* decision by name, but it has no effect on whether *Mann* is still good law as a matter of Arkansas state constitutional law. *See, e.g., State v. Brown*, 356 Ark. 460, 156 S.W.3d 722 (2004) (observing that although the search-and-seizure language of article 2, § 15 of the Arkansas Constitution is very similar to the words of the Fourth Amendment, this court is not bound by the federal interpretation of the Fourth Amendment when interpreting our own law); *see also Arkansas v. Sullivan*, 532 U.S. 769, 121 S.Ct. 1876, 149 L.Ed.2d 994 (2001) (per curiam) (stating that while a state is free as a matter of its own law to impose greater restrictions on police activity than those imposed by the United States Supreme Court under federal constitutional standards, it may not impose such greater restrictions as a matter of federal constitutional law when the United States Supreme Court has specifically refrained from imposing them). Because the issue of whether that test remains viable as a matter of Arkansas state constitutional law was not properly raised or ruled upon below, that question remains for another day when it has been properly preserved for our review. We also note that, although *King* was handed down after the circuit court made its ruling from the bench in this case, no written order had been entered yet. As Appellee Brewster points out, in order to preserve its argument for appellate review, the State could have filed a motion for reconsideration asking the circuit court to reconsider its decision based on *King*.

In summary, the State has failed to produce a record on appeal that demonstrates that the circuit court actually relied on *Mann* and misinterpreted that case in reaching its decision. Accordingly, the State therefore cannot satisfy the requirement of Rule 3(d) that the correct and uniform administration of the criminal law requires our review of this appeal. This is therefore not a proper State appeal, and it is hereby dismissed.

Appeal dismissed.