KAREN R. BAKER, Justice, dissenting. While I agree with the majority that we must address whether this is a proper appeal by the State as a threshold matter, I disagree with the majority’s holding on that issue. Because the issues brought on appeal by the State are not important to the correct and uniform administration of the criminal law, the matters before us do not constitute a proper State appeal. Accordingly, we do not have jurisdiction, and I would dismiss the appeal. | inThe majority holds that this case presents a proper issue for an appeal by the State because the material facts are undisputed. Thus, the majority states, the question presented is a purely legal one. I disagree. The State presents two points on appeal. The first argument the State makes is not preserved for our review and the second argument is not a proper issue for a State appeal. We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. State v. Nichols, 364 Ark. 1, 216 S.W.2d 114 (2005). The provisions of the rule dealing with the correct and uniform administration of criminal law are jurisdictional. City of Little Rock v. Tibbett, 301 Ark. 376, 784 S.W.2d 163 (1990). Where an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, the appeal does not involve the correct and uniform administration of the law. State v. Mancia-Sandoval, 2010 Ark. 134, 361 S.W.3d 835. Similarly, where the resolution of the issue on appeal turns on facts unique to the case or involves a mixed question of law and fact, the appeal is not one requiring interpretation of our criminal rules with widespread ramification, and the matter is not appealable by the State. Id. Stated another way, this court will only accept appeals by the State when its holding will establish a precedent that will be important to the correct and uniform administration of justice. State v. Fuson, 355 Ark. 652, 144 S.W.3d 250 (2004). The State’s first point on appeal is that the circuit court erred as a matter of law by suppressing evidence discovered following the extra-territorial execution of a valid search warrant. The State makes this argument for the first time on appeal. As the record In demonstrates, the State conceded before the circuit court that a search warrant alone could not be executed without cooperation of local law enforcement. The record reflects the following colloquy: The CoüRT: Sherwood says, “We don’t have a warrantless search. We’ve got a search warrant,” and here’s my problem, and I keep couching it “a problem.” What is the protection offered to a person outside of Sherwood from having Sherwood police officers just roll up onto their property any time they get ready to if they can get a judge to issue a search warrant? Prosecuting Attorney: Well, Your Hon- or, I would argue that they could not do that without an arrest warrant as well. They can’t go there without an interagency agreement or the cooperation of another agency with a search warrant alone. That’s not my argument, that they can go alone. My argument is with a valid arrest warrant and a search warrant, that they can go and that all of the search is valid based upon that. It is clear from the colloquy that the State expressly did not make the argument before the circuit court that it now asserts as a basis for this court’s jurisdiction under Rule 3. We do not consider arguments made for the first time on appeal. See State v. Grisby, 370 Ark. 66, 257 S.W.3d 104 (2007); Jones v. State, 374 Ark. 475, 288 S.W.3d 633 (2008).[1] The State 112has failed to produce a record on appeal that demonstrates that it made this argument below. Accordingly, the State cannot satisfy the requirement of Rule 3(d) that the correct and uniform administration of the criminal law requires our review of this appeal. See State v. Brewster, 2011 Ark. 530, 385 S.W.3d 844. It is apparent that this court allows the State more leeway in the preservation of arguments than it does the defense. In Riley v. State, 2012 Ark. 462, 2012 WL 6218479, this court stated that defense counsel did not preserve an argument where Riley objected, raised the particular issue to the circuit court, cited the appropriate rule of evidence, and cited the case on point. However, in this case, the majority holds that the State preserved the argument for our review, even though the State specifically denied that it was making that argument. Because we cannot consider the State’s argument on this point, our holding would not establish a precedent that would be important to the correct and uniform administration of justice. Therefore, it is not a proper issue for a State appeal. For it’s second point on appeal, the State asserts that the circuit court erred as a matter of law by holding that evidence was not admissible under the search-incident-to-arrest exception to the warrant requirement. This also is not a proper issue for a State appeal, for two reasons. First, the holding would not be important to the correct and uniform administration of law. Our law on the matter of a search-incident-to-arrest is well-settled. See Ark. R.Crim. P. 12.5; Gaylor v. State, 284 Ark. 215, 681 S.W.2d 348 (1984). Thus, our holding on this issue would not establish a precedent that will be important to the correct and uniform administration of justice. Second, while the majority states that the question | ^presented is a purely legal one, this point on appeal turns on a mixed question of law and fact. It is an issue of the application, not interpretation, of a criminal rule or statutory provision. For these reasons, this point does not involve the correct and uniform administration of the criminal law and is not appealable by the State under Rule 3(c). Mandar-Sandoval, supra. The circuit court found that under the totality of the circumstances, the items seized from Robinson’s home were not obtained as a search incident to an arrest. The circuit court based this finding on testimony that the search warrant was served at 8:36 PM and the arrest warrant was served at 8:45 PM. This court does not accept State appeals that concern the circuit court’s factual determinations. In Nichols, for example, this court refused jurisdiction over an appeal by the State when the underlying issue was whether exigent circumstances compelled a warrantless entry into the ap-pellees’ home. This court held that jurisdiction was improper under Rule 3 for two reasons. First, the circuit court’s decision to exclude the evidence obtained from the warrantless search necessarily turned on the circuit court’s determination of the credibility of the officer. This court, of course, does not weigh or decide the credibility of witnesses. Second, we noted that the issues surrounding the entry were mixed questions of law and fact and that this court does not accept appeals by the State involving such mixed questions. Here, the circuit court’s decision turned upon testimony regarding the time that the search warrant was executed and the time that the arrest warrant was executed, as well as whether the search preceded the arrest. As these are questions of fact to which the circuit |14court applied the law, this point on appeal does not involve the correct and uniform administration of the law. Because the State’s points on appeal do not involve the correct and uniform administration of the law, we do not have jurisdiction over this State appeal. I would dismiss the appeal. HART, J., joins. . While in both of these cases this court indicated that jurisdiction was proper under Rule 3, the court did not consider the State’s argument as it was argued for the first time on appeal. Both cases involved a single narrow issue on appeal, which was not preserved for appellate review. However, to the extent that the cases indicate that an issue that was not argued below can be the jurisdictional basis for a State appeal under Rule 3, they are in error and I would overrule them.