Rhonda K. Wood, Justice, dissenting. |SI respectfully dissent because I believe the majority has lost sight of the standard by which the court should evaluate interlocutory appeals from the State. An appeal from the State is not a matter of right and is only granted in compliance with Rule 3 of the Arkansas Rules of Criminal Appellate Procedure. State v. Guthrie, 341 Ark. 624, 19 S.W.3d 10 (2000). Appeals under this Rule must concern the interpretation of law and must involve the correct and uniform administration of justice. State v. S.G., 373 Ark. 364, 284 S.W.3d 62 (2008). The correct and uniform administration of justice is at issue when the question presented is solely a question of law independent of the facts in the case. Id. In this case, the State asks us to review a decision to suppress evidence in which the circuit court concluded that “once the examination has developed into an accusatory examination a Defendant must be apprised of his or her [Miranda] rights before any statement can be elicited.” Because a defendant must be in custody before Miranda rights are required, the circuit court’s holding is an error of law and one which involves the uniform administration of justice. This court should reverse and remand for the circuit court to consider whether to suppress the evidence according to the correct legal standard — that is to determine whether the defendant was subjected to a custodial interrogation. The proper standard to which police must adhere in determining whether Miranda rights are required is a legal question with widespread ramifications for the daily interaction of police officers with our citizens, i.e., it is exactly the type of issue to which Rule 3 was meant to apply. |91 agree with the majority that we only take appeals that are narrow in scope and that involve the interpretation of the law. Guthrie, supra. I also agree that we should not review the circuit court’s factual determinations or its application of the law to those facts to the extent that the court’s decision hinges on those facts. But to dismiss an appeal out of hand because it may concern a mixed question of law and fact without any further analysis of whether the claimed error is factual or legal is, itself, an error. The majority dismisses this appeal because whether a person is in custody is a mixed question of law and fact. However, the State is not asking us to review the court’s factual determination of whether Payton was in custody. In fact, the State could not ask us for such a review because the circuit court never analyzed or determined whether Payton was in custody at all. Instead, the State asks us a legal question: Must an individual be in custody before Miranda rights must-be read or was the circuit court correct that accusatory questioning alone necessitates the requirements of Miranda? To dismiss the State’s appeal every time that a mixed question of law and fact may be tangentially at issue in the case would be to virtually abolish the State’s ability to appeal entirely. Whether a photographic line-up is unconstitutionally suggestive is a mixed question of law and fact. Cook v. State, 283 Ark. 246, 675 S.W.2d 366 (1984). Whether the good-faith exception is applicable is a mixed question of law and fact. State v. Hart, 329 Ark. 582, 952 S.W.2d 138 (1997). Whether an individual has standing to challenge the validity of a search warrant is a mixed question of law and fact. State v. Gray, 330 Ark. 364, 955 S.W.2d 502 (1997). Whether exigent circumstances justify a warrantless entry into a home is a mixed question of law and fact. State v. Nichols, 364 Ark. 1, 216 S.W.3d 114 (2005). It is hard to conceive of any pre-trial, criminal-procedure scenario that could give rise to a decision of whether to suppress evidence that does not in some way ultimately involve the application of law to the specific fact scenario. This does not prohibit us from determining whether the law was incorrect in a State appeal involving the “uniform administration of justice.” As the majority opinion correctly notes, whether a person is in custody is a mixed question of law and fact. State v. Jenkins, 2011 Ark. 2, 2011 WL 143571. But whether a person must be in custody before the requirements of Miranda are triggered is not a mixed question of law and fact; it is a pure question of law — one that has been answered quite definitively by both the Supreme Court of the United States and this court. See Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (holding that Miranda warnings are required only when a person’s freedom has been restricted so as to render him “in custody”); State v. Spencer, 319 Ark. 454, 892 S.W.2d 484 (1995) (same). The overarching issue for this court to consider in deciding if the State’s appeal is appropriate is whether the circuit court misinterpreted the law or whether the circuit court misapplied the law to the facts. See Guthrie, 341 Ark. at 628, 19 S.W.3d at 13. An appeal concerning the application, rather than the interpretation, of the law does not involve the correct and uniform administration of the criminal law, and the appeal need not be allowed. Id. Thus, where the resolution of the issue on appeal turns on the facts unique to that case, it cannot be said that the appeal is one requiring interpretation of our criminal rules with widespread ramifications. Id. |nIn Guthrie we explained what it means for the resolution of an appeal to turn on the unique facts of the case. The issue in Guthrie was whether there were reasonable grounds to support a traffic stop. Id. The circuit court listened to testimony from the officer who conducted the stop, the defendant, and the defendant’s granddaughter. Importantly, the testimony was contradictory and the officer’s testimony was inconsistent in some respects. Id. at 626-28, 19 S.W.3d at 12-13. After hearing the testimony, the circuit court concluded that the officer did not have reasonable grounds to stop Guthrie. As we have done many times, we declined to usurp the circuit court’s superi- or position to find the facts, explaining that “[t]his was a fact-intensive matter for the court to resolve after receiving the evidence and weighing the credibility of the witnesses.” Id. at 630, 19 S.W.3d at 14. A review of our precedent reveals the common-sense proposition that when the question on appeal is a factual one, we will dismiss, but when the question is a legal one, we are obligated to ensure that the criminal law is administered uniformly. That is, we must ensure that the law applied is the same regardless of the factual permutations present in an individual case. In State v. Hart, we dismissed an appeal concerning whether the good-faith exception to the exclusionary rule should apply because it “necessarily depended upon the [factual] assessment of whether Officer Brown acted in good faith.... ” 329 Ark. at 584, 952 S.W.2d at 139. There was no debate present in the case about the legal requirements of the good-faith exception. Likewise in State v. S.G., we dismissed an appeal because it concerned “whether the facts showed that S.G.’s grandmother was a ‘custodian.’ ” 373 Ark. at 365, 284 S.W.3d at 63. There was no debate, however, about |12the legal definition of a “custodian.” See id. at 365, 284 S.W.3d at 63 n. 2. In State v. Nichols we dismissed an appeal about whether exigent circumstances justified a warrantless search, explaining that the appeal “involve[ed] the trial court’s consideration of the particular facts of the case and its determination that those facts did not justify the officer’s warrantless entry into the defendant’s home.” 364 Ark. at 4-5, 216 S.W.3d at 117. The appeal was based upon the factual question of whether exigent circumstances existed, not the legal question of whether exigent circumstances can ever justify a warrantless search. The majority cites State v. Jenkins for the proposition that we will not take a State appeal simply to demonstrate that the court erred. 2011 Ark. 2, 2011 WL 143571. What the majority fails to point out was that the error alleged in Jenkins was one of fact, not of law. We dismissed the State’s appeal in Jenkins, because the question on appeal was whether the circuit court erred in determining that Jenkins ivas in custody for purposes of Miranda. Id. at 3. In the present case, as in Jenkins, I would agree with the majority and dismiss the appeal if the State had asked us to review the circuit court’s determination of whether Payton was in custody when he spoke with Officer Shaw. Instead, the State asks us to review whether the circuit court erred by determining that Miranda applied based solely on the accusatory nature of the questioning directed at Payton without the court further finding that Pay-ton was in custody, as our precedent has established is the test. We are not asked to determine whether the circuit court misapplied the correct law to the facts; rather, we are asked to determine if the circuit court misinterpreted the law and applied that flawed interpretation of the law to suppress Payton’s statements. 11sWe have accepted appeals when “[t]he issue ... is not whether the circuit court applied the law incorrectly to [a] particular set of facts, but whether the circuit court misinterpreted the law and then applied a flawed interpretation of the law to suppress [evidence].” State v. Harris, 372 Ark. 492, 496, 277 S.W.3d 568, 573 (2008). The majority turns this standard on its head by dismissing the appeal because “we would be called upon to determine whether the circuit court applied an erroneous interpretation of the law, Miranda, to the facts ... That is exactly when we accept these appeals, at least according to our precedent. The legal standard of when the State must give Miranda warnings must be applied uniformly in our justice system, and even the majority states that “[w]e accept appeals by the State when our holding would establish important precedent or would be important to the uniform administration of justice.” In State v. Harmon, we. accepted the State’s ■ appeal because the issue was a legal question of whether a pretextual traffic stop invalidated a subsequent search. 353 Ark. 568, 113 S.W.3d 75 (2003). The circuit court simply applied the wrong legal standard by deciding that, a pretextual traffic stop was illegal. We explained that pretextual stops were allowed under both the U.S. Supreme Court’s jurisprudence and our own. Id. at 574-575, 113 S.W.3d at 78-79. Notably, and in contradiction to today’s majority, we also explained that the State’s argument was “that the court interpreted the law wrongly, and then applied that flawed interpretation of the law to suppress the seized drugs.” Id. at 572, 113 S.W.3d at 77. The outcome was the same in State v. Crane, where the circuit court misinterpreted the contours of the automobile exception to the warrant requirement. 2014 Ark. 443, 446 S.W.3d 182. Again, applying the opposite standard of the one 1^articulated by the court today, in Crane, we explained that the State’s appeal was proper because it presented an issue of whether the circuit court’s ruling rested upon an incorrect interpretation of the automobile exception applied to the facts of the case. See id. at 6, 446 S.W.3d at 185. The circuit court had ruled that evidence obtained from a safe found within the defendant’s van should be suppressed because there were no exigent circumstances to. justify a war-rantless search of the safe. Id. We reversed because — as a matter of law — there is no separate exigency requirement to the automobile exception. Id. at 7-8, 446 S.W.3d at 185-86. Similar to the Harmon, case, in Harris, supra, we accepted an appeal of a case in which the circuit court determined that a pretextual stop in order to conduct a canine sniff required suppression of evidence. The circuit court had determined that the police were required to have acldi-tional suspicion in order to justify the canine sniff even though the initial stop was justified. 372 Ark. at 494-95, 277 S.W.3d at 571-72. We accepted the appeal and reversed because the circuit court committed a legal error. Namely, we reiterated that pretextual stops were constitutional, and canine sniffs were not searches that required reasonable suspicion within the meaning of the Fourth Amendment. Id. at 500-01, 277 S.W.3d at 576. In State v. Mancia-Sandoval, once again this court accepted an appeal of virtually the same issue that was presented in both Harmon and Harris. 2010 Ark. 134, 361 S.W.3d 835. There, the circuit court suppressed evidence because it was the fruit of a pretextual traffic stop. Purporting to apply the same standard it does today, the court accepted the appeal and corrected the circuit court’s legal error, explaining that to do so “will provide _|_yjguidance to our law enforcement officers and our courts as to the law in our state when faced with similar circumstances in the future.” Id. at 5, 361 S.W.3d at 838. Returning to Payton’s case, I fail to see how reversing the circuit court in Mancia-Sandoval, Harmon, and Harris to clarify that pretextual stops are constitutional is materially different from reversing the circuit court here to clarify that a defendant must be in custody before the law requires that the police apprise the defendant of his Miranda rights. Both are questions of law, both will dramatically affect the daily interactions of our citizens with their police force, and both satisfy the Rule 3 requirements for permissive State appeals. Accordingly, I must dissent from the decision to dismiss the State’s appeal. Goodson, J., joins in this dissent.