SLIP OPINION

Cite as 2017 Ark. 307

# SUPREME COURT OF ARKANSAS

No. CR-17-431

| | |
|---|---|
| STATE OF ARKANSAS<br><br>APPELLANT<br><br>V.<br><br>STONEY LEE MCWILLIAMS<br><br>APPELLEE | **Opinion Delivered:** November 2, 2017<br><br>APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT<br>[56CR-16-186]<br><br>HONORABLE DANIEL RITCHEY, JUDGE<br><br><u>APPEAL DISMISSED</u>. |

**ROBIN F. WYNNE, Associate Justice**

The State of Arkansas has filed this interlocutory appeal from the Poinsett County Circuit Court's order granting appellee Stoney McWilliams's motion to suppress. On appeal, the State argues that (1) the circuit court erred as a matter of law by interpreting Rule 2.2 of the Arkansas Rules of Criminal Procedure to invalidate the encounter between McWilliams and the arresting officer and (2) the circuit court erred in concluding that the officer's actions constituted a seizure. Because this is not a proper State appeal under Ark. R. App. P.–Crim. 3 (2016), we dismiss the appeal.

The pertinent facts are as follows. On the afternoon of December 19, 2015, Stoney McWilliams and his girlfriend were walking along the shoulder next to Highway 63B in Marked Tree. They were carrying bags filled with groceries. Police officer Kevin Holt testified that when he drove past McWilliams, "[McWilliams] kind of shielded his face from me and it kind of arose my suspicion. I thought maybe, possibly, he had a warrant or something and didn't want me to see his face." Officer Holt turned his patrol car around,

pulled up behind McWilliams with his rear lights flashing, and got out of the vehicle. He

instructed McWilliams to stop, and McWilliams complied. Officer Holt asked McWilliams

his name, McWilliams answered, and Officer Holt then asked for identification. At that

point, McWilliams ran.[1]

After considering Officer Holt's testimony at a hearing on McWilliams's motion to

suppress, the circuit court granted the motion as follows:

> 1. After the State rested, the Defendant's [attorney] orally moved for a Motion for Directed Verdict. The court finds that the State has not met its burden with respect to the Defendant's Motion to Suppress.
> 2. The Court finds that Ark. Rule of Cr. Proc. 2.2 is not applicable because the Market Tree Police officer was not investigating a criminal offense or criminal activity known to him to exist.
> 3. The Court finds that the Marked Tree Police officer did not have reasonable suspicion to stop the Defendant.
> 4. The Court finds that under Ark. Rule of Cr. Proc. [3.1][2] that justification for investigatory stops must be based on specific, particular and articulable reasons and must be something more than conjectural suspicion. The Marked Tree Police officer believed that when the Defendant looked away, he was trying to hide his identity because he might have a warrant. The Court finds that the officer's belief is conjectural in nature.
> 5. All of the issues in Ark. Code Ann. § 16-81-203, with the exception of the Defendant possibly averting his face, did not come into play here. The one issue about the demeanor of the suspect would just merely be by the gesture of him possibly looking away.
> 6. Considering the totality of the circumstances, the Court finds that there was no reasonable suspicion.

---

[1] At the suppression hearing, the parties agreed that there was no reason to elicit facts beyond the point at which McWilliams ran. The record shows that McWilliams was charged with (1) aggravated assault upon a certified law enforcement officer, (2) possession of a controlled substance (methamphetamine), (3) furnishing prohibited articles, (4) escape, (5) carrying a weapon, (6) criminal mischief, (7) possession of a controlled substance (marijuana), (8) resisting arrest, and (9) two counts of fleeing on foot.

[2] The order mistakenly refers to 2.1, which contains the definition of "reasonable suspicion," rather than Rule 3.1, which governs investigatory stops.

7. The Court finds that the act of turning across traffic to come up behind individuals in a police unit, with lights activated from the rear, getting out of his car and ordering the Defendant to stop constitutes a seizure.

8. The Defendant's seizure and invasion of privacy issues are considered by the Court to be a substantial right under the Constitution.

9. The Defendant's Motion to Suppress is hereby granted. Therefore, all evidence obtained after the stop including, but not limited to, observations by the police, all physical evidence, statements of the Defendant subsequent to the stop and all lab analysis, are hereby suppressed.

The State has filed this appeal.

As this court recently recognized in *Lewis v. State*, 2017 Ark. 211, 521 S.W.3d 466, police-citizen encounters have been classified into three categories. As for the first category, the authority for a police officer to act in a nonseizure encounter is recognized in Rule 2.2(a) of the Arkansas Rules of Criminal Procedure (2016), which provides,

> A law enforcement officer may request any person to furnish information or otherwise cooperate in the investigation or prevention of crime. The officer may request the person to respond to questions, to appear at a police station, or to comply with any other reasonable request.

In *Lewis*, *supra*, this court explained,

> This type of nonseizure encounter occurs when an officer merely approaches an individual on a street and asks if he is willing to answer some questions. This encounter is consensual and does not constitute a seizure. A seizure of a person occurs when an officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen. The initially consensual encounter is transformed into a seizure when, considering all the circumstances, a reasonable person would believe that he is not free to leave. The second category is contemplated by Rule 3.1 of the Arkansas Rules of Criminal Procedure. This second type of encounter occurs when the officer justifiably restrains an individual for a short period of time because the officer has a reasonable, articulable suspicion that the person has committed or is about to commit a crime. The final category is the full-scale arrest, which must be based on probable cause.

2017 Ark. 211, at 6, 521 S.W.3d 466, 471–72 (citations omitted). Recognizing these categories of police-citizen encounters, the State contends that the circuit court erred in

granting McWilliams's motion to suppress and presents the following arguments on appeal: (1) the circuit court erred as a matter of law by interpreting Rule 2.2 to invalidate the encounter here; and (2) the circuit court erred in concluding that Officer Holt's actions constituted a seizure.

Before addressing the merits, this court must first determine whether this case is properly before us under Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal. Pursuant to Rule 3, an interlocutory appeal on behalf of the State may be taken from a pretrial order in a felony prosecution that grants a motion under Ark. R. Crim. P. 16.2 to suppress seized evidence. Ark. R. App. P.–Crim. 3(a)(1). However, this court will not consider such an appeal unless the correct and uniform administration of the criminal law requires review by the court. Ark. R. App. P.–Crim. 3(d). As this court has consistently observed, there is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. *State v. Brewster*, 2011 Ark. 530, at 3, 385 S.W.3d 844, 846. The former is a matter of right, whereas the latter is not derived from the constitution, nor is it a matter of right, but is granted pursuant to Rule 3. *Id.* Furthermore, this court has stated:

> As a matter of practice, our court has only taken appeals which are narrow in scope and involve the interpretation of law. When an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. Appeals are not allowed merely to demonstrate the fact that the trial court erred. Therefore, where the resolution of the State's attempted appeal turns on the facts of the case and would not require interpretation of our criminal rules with widespread ramifications, acceptance of the State's appeal is not allowed under Rule 3. An appeal that raises the issue of application, not interpretation, of a statutory provision does not involve the correct and uniform administration of justice or the criminal law.

*State v. Weatherspoon*, 2009 Ark. 459, at 3 (internal citations omitted).

Here, the State contends that this court should accept this appeal to correct the circuit court's erroneous interpretation of Rule 2.2, arguing that "Rule 2.2 is broader than the circuit court's erroneous interpretation as it allows officers to approach citizens when they believe that such encounters will aid in the investigation or prevention of known or as yet unknown crime." However, this case does not turn on an issue of interpretation of Rule 2.2. The circuit court found that McWilliams had been seized for Fourth Amendment purposes and that the officer lacked reasonable suspicion to conduct an investigatory stop under Rule 3.1. Importantly, the standard for review of a suppression challenge is that we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court. *Davis v. State*, 351 Ark. 406, 413, 94 S.W.3d 892, 896 (2003). This is a case involving the trial court's consideration of the particular facts of the case and its determination that those facts did not provide reasonable suspicion for an investigatory stop under Rule 3.1.[3] Accordingly, we dismiss the appeal as improper under Arkansas Rule of Appellate Procedure–Crim. 3.

Appeal dismissed.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellant.

*Chet Dunlap*, for appellee.

---

[3] The State offers argument as to why it believes that there was no seizure here, but a ruling on that issue would not involve the correct and uniform administration of the law.

Cite as 2017 Ark. 307