Cite as 2021 Ark. 73

# SUPREME COURT OF ARKANSAS

No. CR-20-583

| | | |
|---|---|---|
| | | **Opinion Delivered:** April 15, 2021 |
| STATE OF ARKANSAS | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-20-225] |
| V. | | HONORABLE HERBERT WRIGHT, JUDGE |
| MATTHEW KIRCHNER | APPELLEE | APPEAL DISMISSED. |

**JOHN DAN KEMP, Chief Justice**

Appellant State of Arkansas brings this interlocutory appeal pursuant to Arkansas Rule of Appellate Procedure –Criminal 3 and argues that the circuit court erred in granting appellee Matthew Kirchner's motion to suppress medical records obtained through a prosecutor's subpoena. For reversal, the State contends the circuit court clearly erred by finding that (1) the subpoena power was inappropriately used as part of a police investigation; (2) the Fourth Amendment prevented the use of a prosecutor's subpoena to obtain the medical records; (3) the records are protected by the physician-patient privilege pursuant to Rule 503 of the Arkansas Rules of Evidence; and (4) Arkansas Code Annotated sections 5-65-202(c) (Supp. 2017) and 5-65-208(d) (Supp. 2017) required a warrant for blood-alcohol testing. We dismiss for lack of a proper State appeal.

I. *Facts*

On November 14, 2018, Kirchner was driving a vehicle in which a minor, Z.K., was a passenger. The "Arrest/Disposition Report" indicates that Kirchner rear-ended a vehicle, which caused his vehicle to turn into oncoming traffic. Kirchner's vehicle was then struck by another vehicle, causing the death of Z.K. Kirchner was taken to the hospital with injuries.

Kirchner was charged with one count of negligent homicide in violation of Arkansas Code Annotated section 5-10-105(a)(1) (Repl. 2013). He initially moved to suppress the results of a urine sample collected at the hospital. He later amended that motion to also seek suppression of his medical records that were obtained by the State, which included the results of a blood test conducted as part of his medical treatment. At a June 6, 2020 hearing on the suppression motion, the State asserted that it had obtained Kirchner's medical records by two methods—first, through a Little Rock district court order to produce medical records, and second, through a subsequently issued prosecutor's subpoena.[1] On July 15, the circuit court entered an order granting Kirchner's motion to suppress the results of the urine test and the medical records. On July 22, the State filed a motion to reconsider. On August 8, the circuit court entered an order denying the motion to reconsider. On August 14, the State filed a notice of appeal. It filed an amended notice of appeal on August 17 and a second amended notice of appeal on August 18.[2]

II. *Motion to Dismiss*

---

[1]The record on appeal does not contain a prosecutor's subpoena, a district court order, or Kirchner's medical records.

[2]The State does not appeal the suppression of the urine-test results.

As a preliminary matter, on November 24, 2020, Kirchner filed a motion to dismiss this appeal, arguing that the State failed to timely file its notice of appeal within ten days of the suppression order pursuant to Arkansas Rule of Appellate Procedure –Criminal 3(a). Kirchner claimed that the State's motion to reconsider did not extend the time for filing a notice of appeal because it did not seek to amend, alter, change, or set aside the circuit court's order. Instead, it merely sought to clarify a matter that the circuit court had already addressed. The State responded that because the suppression order did not contain a clear ruling on the subsequently issued prosecutor's subpoena, it sought reconsideration of that order to preserve its argument for appeal.

Rule 3(a) states, in pertinent part:

An interlocutory appeal on behalf of the state may be taken only from a pretrial order in a felony prosecution which (1) grants a motion under Ark. R. Crim. P. 16.2 to suppress seized evidence, (2) suppresses a defendant's confession, or (3) grants a motion under Arkansas Rule of Evidence 411(c) to allow evidence of the victim's prior sexual conduct. The prosecuting attorney shall file, within ten (10) days after the entering of the order, a notice of appeal together with a certificate that the appeal is not taken for the purposes of delay and that the order substantially prejudices the prosecution of the case.

Ark. R. App. P. –Crim. 3(a). Arkansas Rule of Appellate Procedure –Civil 4(b)(1) extends the time for filing a notice of appeal when "a motion to amend the court's findings of fact or to make additional findings . . . or any other motion to vacate, alter, or amend" the court's ruling is filed "no later than 10 days" after the circuit court's order is entered. *See, e.g.*, *Enos v. State*, 313 Ark. 683, 685, 858 S.W.2d 72, 73 (1993) (applying former version of the rule in a criminal case).

3

Again, the State asserted at the suppression hearing that the medical records at issue were obtained through (1) a district court order and (2) a prosecutor's subpoena. In its motion to reconsider, the State acknowledged that the circuit court's suppression order clearly addressed records obtained by a law enforcement officer pursuant to the district court order, but it argued that the suppression order failed to specifically address the subsequently issued prosecutor's subpoena. The circuit court ruled that it had already addressed the issue, and it denied the motion to reconsider.

We agree with the State that the motion to reconsider extended its time to file a notice of appeal. Here, the State filed its motion to reconsider to obtain a clear ruling on an issue to preserve that issue for appeal. The motion was filed "no later than 10 days" after the suppression order was entered. This was permissible under Rule 4(b)(1). Once the motion to reconsider was denied, the State filed its notice of appeal and two amended notices of appeal within ten days of that denial. The notices of appeal were timely. Thus, we deny Kirchner's motion to dismiss the appeal.

III. *Arkansas Rule of Appellate Procedure –Criminal 3(d)*

We next turn to whether this is a proper State appeal pursuant to Arkansas Rule of Appellate Procedure –Criminal 3(d). The threshold issue in any State appeal is whether "the correct and uniform administration of the criminal law requires review by th[is] court." Ark. R. App. P. –Crim. 3(d); *State v. Myers*, 2012 Ark. 453, at 4. There is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. *State v. Brewster*, 2011 Ark. 530, at 3, 385 S.W.3d 844, 846. The former is a matter

4

of right, whereas the latter is not derived from the constitution, nor is it a matter of right, but is granted pursuant to Rule 3. *Id.*, 385 S.W.3d at 846.

An interlocutory appeal under Rule 3 must concern the interpretation of the law. *State v. S.G.*, 373 Ark. 364, 366, 284 S.W.3d 62, 63 (2008). The correct and uniform administration of justice is at issue when the question presented is solely a question of law independent of the facts in the case appealed. *Id.*, 284 S.W.3d at 63. An appeal that turns on facts unique to the case or involves a mixed question of law and fact does not involve the correct and uniform administration of the criminal law and is not a proper State appeal. *State v. Short*, 2009 Ark. 630, at 3–4, 361 S.W.3d 257, 259. When an appeal raises the issue of an application of the law to the facts, and not an interpretation of the law, we have said that it does not involve the correct and uniform administration of the criminal law. *Id.* at 5, 361 S.W.3d at 259.

In the present case, the State asserts that its appeal is permissible because the issue presented is one of legal interpretation. It characterizes its argument as a challenge to the circuit court's "blanket ruling" that the Fourth Amendment and the physician-patient privilege prevent a prosecutor from using his or her statutory subpoena power to obtain a defendant's medical records when the defendant's condition is at issue. The State then states that the circuit court gave the following four reasons why the State's use of the subpoena power was inappropriate in this case:

(1)The subpoena power was inappropriately used as a part of a police investigation;

5

(2)The Fourth Amendment prevented the use of a prosecutor's subpoena to obtain the records and required a warrant to obtain the records;

(3)The records are protected by the physician-patient privilege of Arkansas Rule of Evidence 503; and

(4)The Omnibus DWI or BWI Act in Ark. Code Ann. § 5-65-202(c) and Ark. Code Ann. § 5-65-208(d) explicitly required the State to get a warrant for blood-alcohol testing.

The State asserts that "[n]one of these reasons stands up to scrutiny[,]" and focuses its argument on each of those alleged errors.

Here, the State's appeal does not involve the correct and uniform administration of the criminal law because it turns on facts unique to the case. The State asserts the importance of certain facts in this case, such as its claims that Kirchner "expressly waived the [physician-patient] privilege by denying intoxication and placing his physical condition at issue" and that the blood testing was done as part of Kirchner's medical treatment, not at the direction of law enforcement. Thus, the appeal does not present "solely a question of law independent of the facts in the case appealed." S.G., 373 Ark. at 366, 284 S.W.3d at 63. Further, we cannot say that the appeal involves solely a question of law because, while the State argues that the issue on appeal is "the subpoena issued by the deputy prosecuting attorney[,]" the State failed to ensure that the subpoena was included in the record before this court. Accordingly, we hold that the appeal is not a proper State appeal under Rule 3, and we dismiss it.

Appeal dismissed.

WOOD, J., concurs.

**RHONDA K. WOOD, Justice, concurring.** I concur. I disagree with the majority's implication that whether the State can access private medical records through a prosecutor's subpoena is not a proper basis for a State appeal. Nevertheless, I concur in the disposition because, given the absence of the prosecutor's subpoena from the record, the State has failed to present an issue that requires our review under Arkansas Rule of Appellate Procedure–Criminal 3. Without the subpoena in the record, we cannot determine whether the subpoena was legally issued or whether the information sought is within the reach of a prosecutor's subpoena power. And for this reason, the State has failed to present this court with a question about uniform administration of the law that can be answered.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellant.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellee.